No. 10,278.

### KNOX v. TRAFALET.

PRACTICE.—*Special Finding.*—Upon a special finding of facts by the court, a party may move, as in case of a special verdict, to make more specific, to strike out a part, or for a finding of facts omitted.

SAME.—*Bill of Exceptions.*—A proper bill of exceptions, filed in vacation according to leave granted at the time of trial, will put in the record rulings made during the trial.

SAME.—*Motion to Make Special Findings Specific.*—A fact found not within the issues is surplusage, and a motion to make it more specific should be refused; and a finding that the defendant had the right, as stated in the third paragraph of his answer, is as certain as if the averments of the answer were repeated.

SAME.—*Conclusions of Law.—Error.*—Error in conclusions of law in favor of the objecting party is not available.

SAME.—*Venire De Novo.*—Where a special finding states facts sufficient to justify the judgment, a *venire de novo* is properly refused.

COSTS.—The costs of such issues as are found against the prevailing party should be taxed against him.

From the Switzerland Circuit Court.

*S. Carter, W. R. Johnston, F. M. Griffith, J. D. Works* and *J. A. Works,* for appellant.

*W. D. Ward* and *T. Livings,* for appellee.

FRANKLIN, C.—Appellant brought this action in trespass against appellee for passing over his grounds.  Appellee answered in three paragraphs, the first a denial, the other two special, pleading a license and right of way, the second being in the nature of a cross-bill.  A demurrer was overruled to the third paragraph.  A reply was filed in three paragraphs.

The first was a denial. Part of the third was struck out on motion of the defendant, and then a demurrer was sustained to the second and third paragraphs of the reply.

There was a trial by the court, a special finding made, and conclusions of law stated by the court. Motions were made to make the special findings more specific, to strike out a part of the special findings, for a *venire de novo*, and for a new trial, all of which were overruled. Exceptions were also taken to the conclusions of law, and judgment rendered for the plaintiff for $1.00.

The errors assigned are:

1st. Overruling the demurrer to the third paragraph of the answer.

2d. Sustaining the demurrer to the second paragraph of the reply.

3d. Sustaining the demurrer to the third paragraph of the reply.

4th. Sustaining motion to strike out part of third paragraph of reply.

5th. Overruling motion to make special finding more specific.

6th. Overruling motion to strike out fifth and sixth special findings.

7th. Error in conclusions of law.

8th. Overruling motion for a *venire de novo*.

9th. Overruling motion for a new trial.

10th. Overruling part of the motion to tax costs.

Upon examination of the record we find no error in the rulings upon the pleadings.

Among the thirty-two reasons stated for a new trial appellant's counsel insist, in their elaborate brief of eighty-seven pages, that the court ought to have granted a new trial for the errors in overruling appellant's motion for the court to make its findings more specific, and for refusing to strike out a part of its special findings; that the court also

erred in overruling his motion for a *venire de novo,* and in its conclusions of law.

The validity of the special findings, and the correctness of the conclusions of law, are thus variously brought in review. Upon the trial the court was requested to find the facts specially, and state its conclusions of law thereon.

The 551st section, R. S. 1881, provides: "Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; in which case, the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be entered accordingly." The R. S. 1876, under which this case was tried, is the same.

Under this statute, when a case is tried by the court, a special finding is similar to a special verdict when the case is tried by a jury. Upon the return of a special verdict by a jury, either party has a right to object to the same, and move the court to have the jury to make it more specific, or to move to strike out any part of it, or to require the jury to state further the facts of any issue omitted, and we see no reason why the same rights should not extend to a special finding made by the court. The difference that the court is required to state its conclusions of law upon the facts, while a jury has nothing of that kind to do, makes no difference between the contents of a special finding by the court and a special verdict by the jury. *Anderson* v. *Donnell,* 66 Ind. 150.

But it is insisted by appellee, in his equally voluminous brief with appellant's, that there was no special bill of exceptions filed at the time of the various rulings complained of, nor during the term at which the trial was had, and that the filing of the several bills of exceptions afterwards in vacation, although within the time allowed by the court, did not bring forward within the record the various rulings made during the trial, but only brought forward the evidence. This rule

has been made to apply where no leave to file bills of exceptions was granted during the term of the trial, but granted at the next term upon the overruling of a motion for a new trial. In this case the leave was granted at the term of the trial, and the bills of exceptions were filed within the time granted by the court. This is sufficient.

The special findings and conclusions of law read as follows:

" 1st. That the parties were and are the owners of the tracts of land mentioned in the complaint and in the third paragraph of the answer, as therein stated, the defendant having derived his title to his land as alleged in the said third paragraph of his answer.

" 2d. That the defendant, within and during the period mentioned in the complaint, viz., on the 30th day of April, 1880, and on divers other days and times between that day and the time of the commencement of this action, went upon and over the said lands of the plaintiff, but there is no evidence that he tore down the fences or broke open and forced the plaintiff's gates there situated.

" 3d. That at the several times when he went upon the lands of the plaintiff, with one exception, he went upon and along a certain private way there situated, upon which he claimed the right to go, derived from the plaintiff, as alleged in the third paragraph of answer.

" 4th. That the said defendant had the right to the said way, and to use the same as alleged by him in the third paragraph of his answer.

" 5th. That at the said times, when the said defendant· so went upon the lands of the plaintiff upon and along the said private way, he was not guilty of committing any trespass.

" 6th. That when the said defendant went on the lands of the said plaintiff at the said other time, when he did not go upon and along the said private way, he was guilty of trespassing upon the said lands of the plaintiff, to the damage of the plaintiff one dollar.

## "CONCLUSIONS OF LAW.

" 1st. That at the said times when the defendant went upon lands of the plaintiff, while in said private way, he is not guilty.

" 2d. That as to the said other time when the defendant went upon said plaintiff's lands outside of said private way, he was and is guilty of trespass, and that the plaintiff ought to recover against him the said sum of one dollar in damages.

" 3d. That the plaintiff ought to recover of the defendant his costs and charges, except as to the issue upon the third paragraph of the defendant's answer, and that as to the costs of the issue upon the said third paragraph of answer, the defendant should recover the same of the plaintiff."

Are these special findings sufficient? And are the conclusions of law correct? The first fact found is that the parties are the owners of their respective lands claimed as set forth in their pleadings. There was no controversy about the ownership of their lands, and it would do appellant no good or harm for the facts constituting ownership to be stated with more particularity.

The second fact found is that the defendant passed over the plaintiff's land at divers times, giving the dates. This fact is stated with sufficient certainty.

The third fact stated is that each time when he so passed over plaintiff's land, but one, he passed where he claimed to have the right of way, as alleged in the third paragraph of his answer. This is specific and certain enough to locate and determine where he passed over the plaintiff's land, with the one time excepted.

The fourth fact is that the defendant had the right to the said way and to use the same, as alleged by him in the third paragraph of his answer. This statement may be a little too general. The third paragraph of the answer set forth specifically the location of the right of way, and how the defendant acquired it. This statement is equivalent to finding that the facts stated in the third paragraph of the answer are

true instead of setting out the facts constituting his right to and the use of the way. The appellant being informed of these facts constituting such right of way by their being stated in the answer, and sufficient facts were fully stated there for that purpose, appellant was not harmed by their not being again stated in the findings. If this general statement of the court be error, we think, under the circumstances of this case, it is a harmless error.

The fifth is that when said defendant so went upon plaintiff's lands upon and along said private way, he was not guilty of committing any trespass. And the sixth is that when he went on said plaintiff's lands, but not upon and over said private way, he was guilty of trespass to the damage of the plaintiff $1.

These two statements are mere conclusions, based upon the third and fourth findings, and more properly belong to the conclusions of law than the statement of facts, except as to the fact stated in the conclusion of the sixth finding, that the plaintiff was damaged $1. But these conclusions, being in the findings, do not invalidate the facts properly stated, and can not harm appellant, they being mere surplusage.

We think there is no available error in overruling the motion to make the special findings more specific, nor in overruling the motion to strike out the fifth and sixth special findings.

The conclusions of law, as to appellant, we think, are correct. If there is any error in them, it is against the appellee. Without any finding that appellee's passing over appellant's lands, not upon the private way, was wrongful, there was no finding upon which to base the conclusion of law that in so doing he was a trespasser; such passage may have been by the consent of appellant, and no trespass whatever. But of this appellant can take no advantage. There is no available error in the conclusions of law.

As to the motion for a *venire de novo*, there is no uncertainty, ambiguity or contradiction in the special findings,

and we think they contain facts sufficient to sustain the judgment as to appellant. Facts not found are considered as not having been proved, as against the party upon whom rests the burden of proof. *Graham* v. *State, ex rel.*, 66 Ind. 386; *Ex Parte Walls*, 73 Ind. 95; *Nitche* v. *Earle*, 88 Ind. 375; *Hunt* v. *Blanton*, 89 Ind. 38; *First Nat'l Bank* v. *Carter*, 89 Ind. 317. There is no error in overruling the motion for a *venire de novo*.

As to the overruling of the motion for a new trial, of the thirty-two reasons stated for a new trial, twenty-four are in relation to the admission and rejection of evidence. Upon an examination of the record, we find no substantial error in the rulings on the evidence.

The 1891st section, R. S. 1881, reads as follows:

" In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant."

We do not think that the substantial rights of the appellant were prejudiced by any of these rulings; and there was no available error in overruling the motion for a new trial.

As to the last specification of error, in regard to overruling in part appellant's motion to tax costs, the court taxed the costs upon the issue on the defendant's third paragraph of answer against appellant, and the balance of the costs against appellee. We see no error in this ruling. The evidence sustains the findings.

It appears to us that the merits of the cause have been fairly tried and determined in the court below, and that the judgment should not be reversed in whole or in part. R. S. 1881, section 658.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, with costs.

Filed April 4, 1884.