Stalcup *et al. v.* Dixon.

———————◆———————

No. 16,548.

## STALCUP ET AL. *v.* DIXON.

SPECIAL FINDING.—*Law and Fact.—Can not Aid Each Other.—Each Must be Complete Within Itself.*—A special finding of facts, whether by the court or jury, is separate and distinct from the conclusions of law; and the court, in declaring the law on the facts, can not supply a missing fact, nor can the presence of a conclusion of law among the facts supply an omission in the declaration of law.

TAX SALE.—*Invalid Title.—Purchaser's Lien.—Time and Rate of Interest.—Time of Sale.—Amendatory Acts.—Statute Construed.*—On the 5th day of March, 1883, certain land was sold for delinquent taxes, and the sale being invalid, the purchaser brought action to foreclose his lien for taxes, penalty and interest, and also for possession of the land and to quiet his title thereto.    The defendant filed a cross-complaint asking that his title be quieted thereto.    A judgment was rendered quieting defendant's title to the land subject to plaintiff's lien for taxes, penalty and interest, allowing interest for the whole

time, at the rate of twenty per cent., the purchaser failing to take a tax deed for the land so purchased, within six months after the expiration of two years. Should any interest have been allowed after the two years and six months? If so, what rate of interest?

*Held,* that interest was properly allowed for the whole time, the action not being based on section 6466, R. S. 1881, but on section 6497, R. S. 1881, as amended by the act of March 5th, 1883, fixing the rate of interest at twenty per cent., and, having an emergency clause to it, it became a law on March 5th, the day of sale, and, therefore, interest was properly allowed at twenty per cent.

*Held,* also, that the sale properly took place on the 5th day of March, 1883, the act amendatory thereof changing the time of sale to the second Monday in February, having no emergency clause, and not taking effect till after the sale.

JUDGMENT.—*Form of.*—*Question as to, How Saved for Appeal.*—*Waiver.* —An objection to the form of a judgment must be first made in the court below, or it will be deemed waived on appeal.

From the Greene Circuit Court.

*J. D. Alexander* and *H. W. Letsinger,* for appellants. *W. W. Moffett* and *C. E. Davis,* for appellee.

McCABE, J.—The appellee sued the appellants in the court below, to recover the possession of certain lots in the town of Worthington, in Greene county, Indiana, alleging that he was the owner thereof in fee and entitled to the possession thereof, and that appellants were in possession without right, and unlawfully kept him out, and to quiet his title.

The second paragraph of appellee's complaint disclosed that his title to the lots in question was an auditor's deed on a sale for taxes, and that such tax sale was not valid, and asking to foreclose the lien for taxes, penalty, and interest.

The appellant Eli Stalcup, filed a cross-complaint asking that his title be quieted. Issue, trial by the court, special finding, conclusions of law, and judgment thereon in favor of appellee, foreclosing the lien for the amount of such tax, penalty, and interest, and a decree quieting

appellant's title to said lots.. The assignment of errors calls in question the conclusions of law.

The special finding is as follows:

"1st. That the plaintiff purchased, on March 5th, 1883, at public sale for delinquent taxes, the following real estate (describing the same lots described in the complaint) for the sum of $46.80.

"2d. That said sale was made by the treasurer of said county, and the auditor of said county acted as clerk of such sale.

"3d. That said sale was duly advertised in the Bloomfield News, a newspaper of general circulation, printed and published in said county, and by posting a copy of the notice thereof in a conspicuous place at the court house door and in a public place in each township in said county for three weeks prior to the day of sale.

"4th. That said sum so paid by the plaintiff was the tax duly and regularly assessed against said lots in said county up to said date for State, county, and township purposes for the year 1881, which had become delinquent and the current taxes thereon for 1882, together with the penalty, interest, and costs.

"5th. That appellant Eli Stalcup derived his title through a sheriff's sale and deed on a decree foreclosing a mortgage on the lots.

"6th. That the auditor's deed was not attested by the treasurer of said county, and that the owner of the lots owned personal property in the said county at the date of said sale and long prior thereto, out of which said taxes might have been made.

"7th. That the defendant Stalcup was the wife of Eli Stalcup at the date of his purchase of said lots under said foreclosure, and still remains his wife.

"8th. That said sale to plaintiff for taxes was made on, the 5th day of March, 1883, and a certificate of such

purchase was duly issued to him by the then auditor of said county, on the 6th day of March, 1883, therefor, which certificate of purchase was, in January, 1889; presented to Andrew J. Cox, the auditor of said county, by the holder thereof, and the deed in suit was then and there duly made and executed to the plaintiff by said auditor, on the 2d day of January, 1889.

"9th. That since said purchase of said lots by the plaintiff, he has paid taxes thereon to the treasurer of said county for State, county, and township purposes, which were regularly assessed thereon for the years 1884 to 1887, both inclusive, the aggregate sum of $44.10.

"10th. That plaintiff is entitled to twenty per cent. interest per annum on the said $46.80 so paid March 5th, 1883, as aforesaid, from that date, and the same rate of interest on each of said subsequent payments from the date thereof.

"11th. That the said $46.80, so paid March 5th, 1883, with twenty (20) per cent. interest thereon per annum, amounts to $128.70, and the said subsequent payments of taxes with the interest thereon on each sum, at the same rate of interest per annum, amounts to $97.53.

"12th. That the defendant Eli Stalcup is the owner in fee of the said real estate, subject to the lien of the plaintiff for said purchase money, taxes, penalty, interest and costs, amounting in all to the sum of $226.23.

"JOHN C. BRIGGS, Judge.

"Dated December 12th, 1891."

And the court stated the following conclusions of law:

"1st. That the plaintiff is not entitled to a decree quieting title to said real estate in his favor.

"2d. That the defendant, Eli Stalcup, is entitled to have his title quieted as against plaintiff, subject to the lien of the plaintiff thereon, for $226.23 for purchase

money at the sale for taxes and taxes paid on said real estate since the 5th day of March, 1883.

"3d. That the plaintiff is entitled to a foreclosure of his lien on said lots for $226.23, and that the same be declared a first lien thereon.

"John C. Briggs, Judge.

"Dated December 12th, 1891."

The error which appellants principally complain of is that the trial court allowed too much interest, and hence the finding and judgment foreclosing the lien was for a sum greater than appellee was legally entitled to. Though the assignments of error are six in number, they present and raise no other question than that of the correctness of the conclusions of law.

There was no motion for a new trial or for a *venire de novo.*

It is true the rate of interest, or whether appellee was entitled to any interest, or during what part of the time he was so entitled, were all questions of law. The only conclusion of law stated having any bearing on that question is the third and last one, which concludes that appellee is entitled to a foreclosure of his lien for $226.23. The objection to this conclusion is not that appellee was not entitled to a foreclosure of his lien for some amount, but that it is for a larger amount than appellee is legally entitled to. That is, the amount found due for the taxes for which the sale was made, subsequent taxes paid, penalty, interest, and cost.

Appellants concede that a part of it was due, and that appellee was entitled to a foreclosure for such amount. It is true the tenth special finding states a conclusion of law, namely, that appellee is entitled to twenty per cent. interest on the amount of tax for which he had bid in the lots and the subsequent taxes paid by him.

In a special finding of facts, the conclusions of law

must embrace matters of law only and not matters of fact. *Kealing* v. *Vansickle*, 74 Ind. 529.

And likewise conclusions of law erroneously cast into the finding of facts do not control, for the court must act upon the facts found. *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200.

The rule thus stated has for its foundation a good reason. When the trial is by the court its finding of the facts takes the place of the verdict of a jury. When the court states its conclusions of law it acts in an entirely different capacity, in no sense that of a jury.

The finding of facts is as separate and distinct from the conclusions of law as if the facts had been found by a jury and the conclusions of law stated by the court. Now, if the jury should fail to find some essential fact in their special verdict, the court, in declaring the law thereon, could not supply the missing fact. So, too, if the jury should state in their special verdict a conclusion of law which the court omits in its declaration of the law arising thereon, such conclusion of law in the verdict could not be looked to in aid of the declaration of the law by the court. So there being no conclusion of law stated, the appellee was entitled to twenty per cent. interest, and if, as a matter of law, he was not entitled to that much interest, the final conclusion of law, which really embraced the twenty per cent. interest, was erroneous.

But we have looked into the question, and find that appellants have no cause to complain, even of the conclusion of law cast into the special finding of facts, as to the interest.

They first contend that as the appellee did not take his auditor's deed on the tax sale until the 2d day of January, 1889, no interest was allowable after two years and six months next following the date of the tax sale on

March 5th, 1883, namely, from and after September 5th, 1885, to the day of trial, to wit, December 12th, 1891, no interest could be legally allowed at all on the amount due appellee on his certificate, which would be a little more than six years and three months; and that the trial court did embrace in its finding interest during said period.

This contention is based on the provisions of the R. S. 1881, section 6466, reading as follows:

"The owner or occupant of any land sold for taxes, or any other person having an interest therein, may redeem the same at any time during the two years next ensuing, in the following manner: If redeemed within six months from the day of sale, he shall pay to the county treasurer, for the use of the purchaser, his heirs or assigns, the full sum of the purchase-money named in his certificate, and all the costs of sale, together with ten per centum in addition; if redeemed after six months and within one year, he shall pay, in like manner, the purchase-money, together with costs and fifteen per centum in addition; if redeemed after one year and within two years, he shall pay in like manner the purchase-money, together with costs and twenty-five per cent. in addition; and he shall also pay all taxes which have been paid thereon, with interest at the rate of six per centum per annum on such taxes. In case the party purchasing the land, or his assigns, fail to take a tax deed for the land so purchased within six months after the expiration of the two years no interest shall be charged or collected from the redemptioner after that time."

Section 228 of the same act, being section 6497, R. S. 1881, provides, in substance, that if the conveyance of the county auditor shall prove invalid, with certain exceptions immaterial to notice here, the lien which the State had shall be transferred by such deed to the

grantee, his heirs and assigns, who shall be entitled to recover from the owner the amount of such legal taxes and costs with interest at eight per cent. from the date of sale, together with all subsequent taxes paid with like interest, all to be a lien to be enforced in any action affecting the purchaser's rights under the tax deed.

Section 6496 provides for ten per cent. where the holder of the tax deed seeks, by an action in court, to quiet his title and it proves invalid.

It will be observed that a very different rate of interest is provided in these two latter sections, from that provided in the former. The latter provide for only eight and ten per cent. all through; the former provides on redemption within six months for ten per cent., on redemption within one year fifteen per cent., and on redemption after one year and within two years, twenty-five per cent.

It is self-evident that the three sections were not intended to apply to the same state of facts, because if so intended they would be repugnant to and destroy each other. But it is manifest from the language of the first, that its terms make it applicable only to a case where the land is being redeemed by the owner; and the latter two sections apply only to a case where redemption is not being attempted, but to a case where, in an action in court, some rights are attempted to be enforced under the tax deed and it proves invalid. That is the kind of case this was, and it was not a case under section 6466, because no attempt was made to redeem. So, therefore, the circuit court did not err in allowing appellee interest for the whole time.

It is next contended that the trial court erroneously allowed twenty per cent. interest, whereas the latter section only allowed eight per cent. The appellee contends that the latter section was so amended by the act of

March 5th, 1883 (Acts 1883, p. 95), as to increase the rate of interest to twenty per cent. But it is insisted by appellants that the sale having taken place on the 5th of March, 1883, the day the amendatory act was passed, its provisions could not apply, but that the old law applied and regulated the rate of interest.

Section 6458, R. S. 1881, provided that tax sales should take place on the first Monday in March in each year, and the 5th day of March, 1883, was the first Monday of that month. On that same day the Legislature passed another act amending said section 6458 so as to require tax sales to take place on the second Monday in February, instead of the first Monday in March. But the act had no emergency clause to it, and it did not, therefore, become a law until long after the day of its enactment and the day of the tax sale here involved. Therefore the tax sale, as to time, properly took place on the 5th day of March under the section before its amendment.

But the act amendatory of said section 6497, above referred to, had an emergency clause to it, and became a law on the same day the sale took place.

But it is claimed that the amendatory act last mentioned had a proviso in it making it inapplicable. It provides "That nothing herein contained shall be construed to increase the rate of interest allowed the purchaser, in case of failure of tax title, under the law in force at the time when such sale or sales were made. But in all such cases * * * the purchaser shall recover * * * interest at the rate per centum per annum allowed by the law, in case of the failure of his tax title in force at the date of such sale or sales."

It is, therefore, necessary to inquire whether the act amending section 6497, *supra*, was in force on the 5th

day of March, 1883, or not.    If it was not in force on that day, then the section sought to be amended was in force, which only allowed appellee eight per cent. interest, and in that event appellant's contention must prevail.    If the amendatory act was in force on that day appellee was entitled to twenty per cent. interest by its terms, and the proviso therein did not take the case out of the operation of such amendatory act.

The amendatory act became a law by lapse of time under the operation of section 14, of article 5, of the constitution of the State.    It provides that "If any bill shall not be returned by the Governor within three days, Sunday excepted, after it shall have been presented to him, it shall be a law without his signature, unless the general adjournment shall prevent its return, in which case it shall be a law, unless the governor, within five days next after such adjournment, shall file such bill, with his objections thereto, in the office of the secretary of State," etc.    *    *    *

The five days had elapsed before March 5th, the day on which the tax sale took place.    In the absence of the precise time when approved, an act with an emergency clause operates during the whole day of its approval. Sutherland on Stat. Const., section 104.

The maxim that the law takes no notice of fractions of a day is not of universal application.    It admits, when justice requires, that the very hour can, or may, be shown in which the last of the series of acts was completed which are essential to the enactment of a statute in order to determine the precise time when a statute takes effect.    Sutherland on Stat. Const., section 110.

But nothing of that kind is necessary here, as by the constitution lapse of time takes the place of the governor's approval, which is the finishing stroke, which puts the law into force, where the act is approved at all.

The expiration of the five days was complete before the 5th day of March, the general adjournment having prevented the governor from returning the bill within the three days mentioned in the constitution. The amendatory act was, therefore, in force when the sale took place, and hence it did not increase the rate of interest allowed the purchaser under the law in force at the time such sale was made.

Hence it was proper to allow the appellee interest at the rate of twenty per cent., as the court below correctly did.

The next and last point made for a reversal is that the judgment rendered was, in addition to the foreclosure, made a personal judgment against both appellants. It is conceded that a judgment of foreclosure of the tax lien was proper as to both appellants, but that a personal judgment was erroneous as to both. But the appellants failed to present any objection to the court below as to the form of the judgment.

An objection to the form of a judgment must first be made in the court where it is rendered, or it will be deemed waived in this court. *Baker* v. *Horsey*, 21 Ind. 246; *Thompson* v. *Davis*, 29 Ind. 264; *O'Brien* v. *Peterman*, 34 Ind. 556; *Smith* v. *Dodds*, 35 Ind. 452; *Rardin* v. *Walpole*, 38 Ind. 146; *Teal* v. *Spangler*, 72 Ind. 380; *Quill* v. *Gallivan*, 108 Ind. 235.

To present any question of the kind to this court there must be a motion to modify such judgment in the court below. *Atkisson* v. *Martin*, 39 Ind. 242; *Walter* v. *Walter*, 117 Ind. 247.

After carefully considering all the errors assigned, we find no available error in the record.

The judgment is affirmed.

Filed Dec. 20, 1893.