COLUMBIA PROPERTIES, INC. *v.* STATE BOARD OF TAX COMMISSIONERS OF THE STATE OF INDIANA ET AL.

[No. 28,924. Filed May 8, 1953. Certiorari denied U. S. Sup. Ct. November 9, 1953.]

*Waller, McGinnis & Merrill, Richard Waller, Richard
R. McGinnis, D. Bailey Merrill,* and *Robert D. Norton,*
all of Evansville, and *Louis Lusky,* of Louisville, Kentucky, for appellant.

*J. Emmett McManamon,* former Attorney General;
*Walter O. Lewis* and *James E. Noland,* Deputy Attorneys General, *W. C. Welborn* and *Milford M. Miller,*
both of Evansville, for appellee.

FLANAGAN, J.—Appellant contends in this appeal
that the County Board of Review of Vanderburgh
County and the State Board of Tax Commissioners of
the State of Indiana "arbitrarily, capriciously, wrongfully, unlawfully, illegally and without reasonable basis
in fact," placed property owned by it in grade "average"
instead of "low cost" upon its reassessment under
Chapter 225 of the Acts of 1949 (Acts 1949, page 722;
Notes to §64-1019, Burns' 1951 Replacement).

▪ The above act provides for reassessment of all real
estate in Indiana "under the general supervision of the
State Board of Tax Commissioners." It gives
that board broad powers to adopt rules for the
guidance of assessing officials. Among other
rules adopted by the board was one providing for classi-

fication of real estate improvements, including classes termed "average" and "low cost." The rule also provided guides for determining the correct classification. This appeal seeks to present the question as to whether these guides were properly followed.

Courts may not take over the functions of the administrative department of government. Article III, Section 1, Constitution of Indiana. The right of appeal to the courts exists, however, whenever a judicial question is to be presented. This necessarily includes fraudulent, arbitrary, or capricious decisions by an administrative body. *Peden et al.* v. *Board of Review of Cass County* (1935), 208 Ind. 215, 195 N. E. 87; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E. 399.

The complaint in this case alleges *in words* that the action of the appellees was taken "arbitrarily, capriciously, wrongfully, unlawfully, illegally and without reasonable basis in fact," but fails to state facts showing the action taken to be of such nature. The line is sometimes close between the question of whether an allegation is a conclusion of fact or a conclusion of law. Conclusions of fact have been made by statute proper pleading, subject only to a motion to make more specific. Burns' 2-1005, 1946 Replacement. However, a conclusion of law adds nothing to the complaint. In the pleading before us, we do not have conclusions of fact, but conclusions of law. Therefore, the allegations, "arbitrarily, capriciously, wrongfully, unlawfully, illegally and without reasonable basis in fact," being conclusions of law, cannot help the complaint. *Stuck* v. *Town of Beech Grove* (1929), 201 Ind. 78, 166 N. E. 153.

The complaint does allege that the only testimony presented to appellees was that of the appellant, which

was in its favor. But the rules of the board, relied upon by appellant, provide that the grade as to class "average" or "low cost" "shall be determined by observation." Observation constituted evidence, and appellant's complaint does not negative the existence of this type of evidence.

The trial court correctly sustained the demurrer to the complaint.

Judgment affirmed.

NOTE.—Reported in 111 N. E. 2d 891.