STAFFORD, TRUSTEE OF DEER CREEK TOWNSHIP, CASS COUNTY ET AL. *v.* PULLEN ET AL.

[No. 18,491. Filed December 21, 1954.]

144

Herbert F. Small and Glenn L. Miller, of Logansport, for appellants.

Brubaker & Justice and Hillis & Hillis, of Logansport, for appellees.

KENDALL, J.—This action was instituted in the lower court to enjoin appellants from selling, or attempting to sell bonds of Deer Creek Township and Deer Creek School Township of Cass County, Indiana, and to permanently enjoin appellants from proceeding further with reference to the issuance or sale of bonds or taking any steps or proceedings by way of procuring funds or letting contracts or asking for bids for the remodeling or improvement of the existing school building in Young America in Deer Creek Township or the contracts for an addition to the present building.

The procedure involving the questions generally presented is controlled by Acts of 1949, ch. 220, pp. 708-709; §65-313, Burns' 1951 Replacement; §26-521, Burns' 1933 Statutes, §64-304.

Among other allegations of the amended complaint, appellees allege that appellants had acted, were acting and would continue to act arbitrarily and capriciously and without the exercise of proper discretion as to the issuance of bonds, the letting of contracts, etc.; that they (appellees) and persons of like interest would be damaged if the appellants were not enjoined from proceeding with the bond issue and the letting of contracts; that appellants were acting contrary to law

and unreasonably; that no extraordinary emergency existed, neither was there an indispensable necessity.

The court found by his special finding of facts in part that a petition was duly filed with the township trustee which was submitted at a special meeting of the advisory board at which time the advisory board adopted a resolution to proceed with the issuance of bonds of the school and civil townships for the purpose of procuring funds for remodeling and improvement as provided by Acts of 1949, ch. 220; that the board's resolution provided that an indispensable necessity and an extraordinary emergency existed for the issuance of the bonds on both taxing units; that the trustee caused notice of the filing of the petition and the adopting of the resolution to be given as provided by law; that in conformity with the notice, a meeting was held at which time a resolution was adopted appropriating the anticipated proceeds; that no remonstrances or objections were filed to the issuance of the bonds.

The court further found that no extraordinary emergency or indispensable necessity existed for the remodeling and improving the existing school building or the construction and equipment of an addition thereto.

By Special Finding number 28, the court found:

"That the defendants, and each of them, in determining that an extraordinary emergency and an indispensable necessity existed for the construction, remodeling and improving as set out in the resolution adopted by said Board, acted arbitrarily and capriciously, and, in the absence of such facts and conditions as would warrant or support such determination, acted contrary to law."

The court stated its conclusions of law on the fact as follows:

"(1)    The law is with the plaintiffs, and the defendants acts, as set forth in plaintiffs' complaint

and in the Findings of Fact herein stated, are contrary to law and are null and void.

"(2)  The defendants, and each are enjoined from proceeding further herein and the plaintiffs are entitled to the relief sought in their complaint."

Judgment was rendered accordingly in favor of the appellees.

Motion for new trial was filed and overruled. The assignment of errors are:

"1.  The trial court erred in overruling Appellants' Motion for a New Trial.

"2.  The trial court erred in its conclusion of law numbered 1.

"3.  The trial court erred in its conclusion of law numbered 2."

The appellants strongly contend in argument and in their brief that Finding of Fact number 28 is not a finding of fact but is a conclusion of law. The trial court specifically found that the advisory board determined that an indispensable necessity and an extraordinary emergency existed. Since the advisory board had the power to make such a determination as found by the court, it is apparent that such acts complained of by appellees were not contrary to law for lack of jurisdiction.

Conclusions of law erroneously cast into the findings of facts do not control, for the court must act upon the facts specifically found. The reason being that when the trial is by the court, its findings of fact take the place of the verdict of the jury. When the court states its conclusions of law, it acts in an entirely different capacity. The two are entirely different. If a jury in a trial should fail to find some essential fact, the court in declaring the law could not supply the missing fact. On the other hand, if

a jury should state in a special verdict a conclusion of law which the court omits in its declaration of the law arising thereon, such conclusion could not be looked to in aid of the declaration of the law announced by the court. *Stalcup et al.* v. *Dixon* (1893), 136 Ind. 9, 35 N. E. 987.

In discussing a special finding of fact in the case of *Indiana Trust Co.* v. *International, etc., Assn.* (1905), 36 Ind. App. 685, 74 N. E. 633, the court stated:

"It is stated that the transfer of funds was not 'authorized' by the board of directors. The finding is that of a legal conclusion, and not effective for any purpose."

When the court in this case in his finding of fact said, ". . . and, in the absence of such facts and conditions as would warrant or support such determination, acted contrary to law" it for all purposes is a conclusion of law and not one of fact. The same thing would apply to the court's findings that in determining that an extraordinary emergency and indispensable necessity existed for the construction, remodeling and improving as set out in the resolution adopted by said board, acted arbitrarily and capriciously.

This question was further discussed in a recent case of the Supreme Court, to-wit: *Columbia Properties* v. *St. Bd. Tax Commrs.* (1953), 232 Ind. 262, 111 N. E. 2d 891. This case involved a review of action of the County Board of Review and the State Board of Tax Commissioners which it was alleged arbitrarily, capriciously, wrongfully, unlawfully, illegally and without reasonable basis in fact placed improved property owned by plaintiffs in grade "average" instead of in grade "low cost" upon its re-assessment. A demurrer was sustained to the complaint from which the plaintiffs appealed. The court said:

"The complaint in this case alleges *in words* that the action of appellees was taken 'arbitrarily, capriciously, wrongfully, unlawfully, illegally and without reasonable basis in fact,' but fails to state facts showing the action taken to be of such nature. The line is sometimes close between the question of whether an allegation is a conclusion of fact or a conclusion of law. Conclusions of fact have been made by statute proper pleading, subject only to a motion to make more specific. Burns' 2-1005, 1946 Replacement. However, a conclusion of law adds nothing to the complaint. In the pleading before us, we do not have conclusions of fact, but conclusions of law. Therefore, the allegations, 'arbitrarily, capriciously, wrongfully, unlawfully, illegally and without reasonable basis in fact,' being conclusions of law, cannot help the complaint. *Stuck* v. *Town of Beech Grove* (1929), 201 Ind. 78, 166 N. E. 153."

It was the holding of the court that the complaint pleaded only conclusions of law and could not, therefore, be sustained. There was very little difference in the wording of the complaint in the above case and the wording used by the court in special finding of fact number 28.

Appellees claim that special finding of fact number 28 is a statement of fact and cite cases where courts have held that where the court is called upon to determine if fraud is involved there must be a finding to that effect. Those cases do not present the same question which has been presented to this court in this action. We think it is fundamental that such facts upon which the court based his conclusion that the appellant acted arbitrarily and capriciously must be set forth in the findings to make a valid finding of fact. In the instant case, there is nothing whatsoever in the special finding of fact number 28 which would indicate anything or from which a conclusion could be drawn upon which the court could

base such finding. The court in the special finding of facts specifically found that on September 3, 1949, pursuant to notice, the advisory board met, all members being present, and considered the petition which was received and placed on file and that the Board found, "WHEREAS, the Advisory Board of Deer Creek Township of Cass County, *after due investigation* (our emphasis), finds that the indebtedness necessary to be incurred. . . ."

The court further found by special finding of facts that the notices given were in proper form and were published and posted in compliance with the law applicable thereto.

After a study of the special finding of facts as presented to this court, we may rightly inquire, "What did the appellants do that was arbitrary or capricious?" Had the trial court in his special finding of facts found that there was no hearing, that no facts existed upon and after which the Board made its determination of an extraordinary emergency or indispensable necessity, then, and in that event, such findings would support the legal conclusions made. But, as previously pointed out, the court found that they adopted an ordinance which stated the board had made due investigation.

We, therefore, think it clear that finding of fact number 28, on principle and the authorities, constituted a conclusion of law and is not in truth and in fact a special finding of fact. Such language used is an outright statement of a legal conclusion without a finding of supporting facts. *The Indianapolis, Peru and Chicago Railroad Company* v. *Bishop* (1867), 29 Ind. 202. Accordingly, therefore, such special finding of fact number 28 must be disregarded and cannot be considered as supporting conclusions of law numbers one and two. It follows that said conclusions of law

numbers one and two are without basis in fact found in the special findings of facts.

In view of the conclusion reached by the court, it is unnecessary to discuss other alleged errors.

Judgment reversed with instructions to sustain appellants' motion for new trial.

Achor, J., not participating.

NOTE.—Reported in 123 N. E. 2d 191.