CITY OF INDIANAPOLIS ET AL. *v.* POLLARD ET AL.

CITY OF INDIANAPOLIS ET AL. *v.* PRODUCERS REALTY, INC. ET AL.

[Nos. 29,932 and 29,933. Filed October 3, 1960.]

*Michael B. Reddington* and *John J. Dillon,* both of Indianapolis, for appellants.

*Karl J. Stipher, Paul W. Marrs, Duge Butler, John C. O'Connor, Baker & Daniels,* of counsel, and *Ruckels-*

*haus, O'Connor & Ruckelshaus,* of counsel, all of Indianapolis, for appellees.

ARTERBURN, J.—The two above entitled cases were consolidated for the purposes of briefing and consideration on appeal.

· The appeals are from injunctions granted against the City of Indianapolis, enjoining it from annexing separate parcels of territory located in separate corners of Center Township in Marion County. These parcels were not contiguous with each other, but were each individually contiguous with the City of Indianapolis. In 1955 by Special Ordinance No. 26 the City of Indianapolis attempted to annex the three parcels (or corners of the townships) under one ordinance. Remonstrances were filed in the Marion Circuit Court pursuant to the statute. Burns' §48-702, 1960 Cum. Supp. Upon a hearing the Marion Circuit Court found that the City was not entitled to annex in one ordinance the three separate tracts of territory which were not contiguous with each other. Shortly after this adverse decision the City then enacted Special Ordinances Nos. 22, 23 and 24, 1959, for the purpose of annexing the same three parcels which had been included in the original Special Ordinance No. 26, 1955. The appellees thereupon filed the two injunction cases against the City in the Marion Circuit Court to enjoin the City from completing steps to enforce such ordinances numbered 22 and 24.[1]

The Marion Circuit Court upon trial entered a judgment granting an injunction against the City in each of the cases, enjoining it from taking any further action in such annexation matter for a period of two years.

---

1. Special ordinance number 23 was not the subject of any injunctive action and is not involved in these appeals.

Burns' §48-702, 1960 Cum. Supp. This appeal is taken from those two judgments.

The appellants claim error upon the overruling of the motion for a new trial. The first proposition relied upon by the appellants is Item 8 in the motion for a new trial which reads as follows:

"8. The Court erred in sustaining on cross examination and in defendant's case in chief objections to defendants' proffered questions which, in substance, offered to show that annexation remonstrators were never considered or counted or determined, and to show that the determinants as to the merits of annexation were never entered in evidence, thereby excluding evidence which the Court should have considered, such questions in substance being what did the record show with reference to the total number of remonstrators, and what did the record show with reference to the statutory determinants on the merits in the previous case where Special Judge Royse presided (to which after plaintiffs' objections were sustained in all cases, the defendants offered to prove that there were insufficient remonstrators and that the statutory determinants on the merits were never decided but only the question of the validity of the ordinance.)"

Appellants in the argument portion of their brief condensed this point as follows:

"8. The Court erred in excluding all evidence offered by the Appellant offering to show really what was adjudicated in the *Bowser* case, and in sustaining objections to all and every question of Appellant which sought to educe what did take place and just what was decided in the *Bowser* case."

The assignment in the motion for a new trial is insufficient for the reason that no question and answer with

objections thereto nor an offer to prove, are set forth with the court's ruling thereon for us to give this specification adequate consideration. We should not be compelled to search the record to find the particular ruling to which objection was made. *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. 2d 207; *Sertel* v. *Graeter* (1887), 112 Ind. 117, 13 N. E. 415; *Discher et al.* v. *Klapp et al.* (1954), 124 Ind. App. 563, 117 N. E. 2d 753; *Reese et al.* v. *Caffee et al.* (1892), 133 Ind. 14, 32 N. E. 720. We point out, however, that the finding and judgment in the "Bowser case" is in the record brought before us.

Appellant's second proposition is that the evidence is not sufficient to sustain the decision of the court and that the finding and decision are contrary to law.

The appellants argue under this point that the City should not be restrained for a period of two years, as provided under Burns' §48-702, for the reason that there was no determination in the first and original hearing on the remonstrances in the annexation proceeding (Bowser case) on the merits. The appellants contend that the decision in favor of the remonstrators in the trial court was merely a technical victory because the City erroneously attempted to include in one ordinance three separate tracts of land not contiguous with each other. It is admitted, however, that if there had been a hearing on the merits, the pertinent statute barring further annexation proceedings for a period of two years would have been applicable.

An examination of the statute reveals that upon the filing of a remonstrance against annexation, the judge shall proceed to hear same:

"If the judge of the court shall find that the primary determinants enumerated above apply to the annexation, it shall take place notwithstanding the

remonstrance and notwithstanding, further, the provisions of any other statute of this state. If, however, the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place. . . . In case the decision is adverse to such annexation, no further annexation proceedings for such territory shall be lawful for two [2] years after the rendition of such judgment, . . ." Acts 1905, ch. 129, §243, p. 219; 1935, ch. 153, §1, p. 550; 1949, ch. 216, §2, p. 701; 1955, ch. 269, §3, p. 720, being §48-702, Burns' 1960 Cum. Supp.

The primary determinants are set out in the statute as follows:

"(a)   The annexation is in the best interests of the city and of the territory sought to be annexed.

"(b)   The area is urban in character, being an economic and social part of the annexing city.

"(c)   The terms and conditions set forth in the ordinance are fair and just.

"(d)   The city is financially able to provide municipal services to the annexed area within the reasonably near future.

"(e)   The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

"(f)   *The lines of the annexation are so drawn as to form a compact area abutting the municipality.*" (Our italics.)

The remonstrance in the Bowser case alleged specifically:

"The lines of annexation are not so drawn as to form a compact area abutting the defendant, City of Indianapolis."

That allegation was put in issue. The trial court found that the territory sought to be annexed were three separate parcels not contiguous with each other,

or in other words, not a "compact area *abutting* the municipality." (Our italics.) The appellees contend that "taking into consideration the area already a part of the City of Indianapolis, the area annexed does constitute a compact adjoining area." The statute however states it must be "a compact *area abutting* the municipality," (our italics) using the singular with reference to the area to be annexed. In our opinion, separate noncontiguous parcels are not a compact *area* even though they each may abut the municipality at some point. Such a condition is a "primary determinant," and the law states:

> "If, . . . the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place." Burns' §48-702, 1960 Cum. Supp.

This was a decision on the merits as enumerated and specified in the statute.

The trial court's finding in favor of the remonstrators is intermingled with some conclusions of law and citation of cases and statutes. Such legal conclusions or reasoning do not control or alter the facts found by the trial court. *Knox* v. *Trafalet* (1884), 94 Ind. 346; *Stalcup et al.* v. *Dixon* (1893), 136 Ind. 9, 35 N. E. 987; *Smith* v. *Wells* (1919), 72 Ind. App. 29, 122 N. E. 334, Reh. Den. 72 Ind. App. 29, 123 N. E. 644.

On appeal, if there are any facts to support the judgment of the trial court, it is our duty to affirm same. 2 I. L. E., Appeals, §571, p. 481 and §583, p. 531.

Finally, the appellants urge upon us that injunctive relief was not the proper remedy in this case, for the

reason that the appellees had an adequate remedy by remonstrating a second time under the statute. We point out that the statutory method of remonstrating requiring either a majority of the owners of the land in the territory sought to be annexed or that the owners of more than 75% in assessed valuation of the real estate in such territory must join in a remonstrance, is quite onerous. To eliminate injunctive relief the remedy must be "adequate." Equity in this case offers that relief, since under the statute, the City is expressly prohibited for a period of two years from attempting a subsequent annexation of the same territory "in case the decision is adverse to such annexation," on the determinants specified in the statute. Burns' §48-702, 1960 Cum. Supp.; *King et al.* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N. E. 2d 563; *Haines* v. *Trueblood* (1918), 67 Ind. App. 456, 119 N. E. 383.

The judgment in each case is affirmed.

Jackson, C. J., and Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 405.