KENNETH WAGNER ET AL. *v*. CITY OF WARSAW.
MELVA BLUE, JR. ET AL. *v*. CITY OF WARSAW.
GLEN N. RANSBOTTOM ET AL. *v*. CITY OF WARSAW.
ALDEN DIRCK ET AL. *v*. CITY OF WARSAW.
DOYLE WEBB ET AL. *v*. CITY OF WARSAW.

[No. 372A122. Initially filed November 9, 1972. Rehearing denied January 29, 1973. Transfer granted June 11, 1973 and remanded to Court of Appeals. Reversed by Court of Appeals September 5, 1973. Rehearing denied October 29, 1973 with statement. Transfer denied February 22, 1974.]

*George M. Bowser, Widaman, Bowser & Reed,* of Warsaw, for appellants.

*Herbert H. Bent, Rockhill, Vanderveer, Kennedy and Pinnick,* of Warsaw, for appellee.

SHARP, J.—This case was previously before this court, and was reported as *Wagner et al.* v. *City of Warsaw* (1972),

288 N.E.2d 762, where we affirmed a decision of the Kosciusko Circuit Court, which entered judgment for Appellee-City.

Appellants filed a Petition for Rehearing on November 28, 1972, which was denied January 29, 1973. Appellants then filed a Petition for Transfer to our Supreme Court on February 20, 1973, which was granted on June 11, 1973. At the time said Petition for Transfer was granted, the Supreme Court, by Acting Chief Justice Hunter, also entered an order remanding said case to this court "for the limited purpose of giving a statement in writing on a substantial question arising on the record and presented by the parties as to whether there is sufficient evidence upon which to affirm the trial court in its finding (f) that 'the lines of annexation are so drawn as to form a compact area abutting the municipality.' "

While it is our view that the issue with reference to compactness under finding (f) was not explicitly raised and argued previously before this court, it is our duty to examine that issue in detail now. In order for us to carry out the Supreme Court's mandate we have permitted counsel to file supplemental briefs directed solely to the issue of compactness and counsel has done so.

Ordinance No. 533 was enacted February 17, 1969. Appellants filed remonstrances to it (which were consolidated for trial and subsequent appeal) on March 29, 1969. Ordinance No. 70-12-2 was enacted December 21, 1970, and became effective on March 21, 1971, since no remonstrance was filed against it.

Ordinance No. 70-12-2 effectively cut the territory sought to be annexed by Ordinance No. 533 five separate and distinct tracts of land.

Our Supreme Court in *City of Indianapolis* v. *Pollard* (1960), 241 Ind. 66, 169 N.E.2d 405 and *Town of Elberfeld* v.

*Stratman* (1973), 260 Ind. 499, 296 N.E.2d 653, decided on June 5, 1973, has held that territory sought to be annexed by a town must be *both* abutting the boundary of the municipality and the parcels to be annexed must be contiguous or touching each other.

In *Crothers* v. *City of Fort Wayne* (1973), 155 Ind. App. 153, 291 N.E.2d 702, Chief Judge Hoffman, speaking for the Third District of this Court, at page 704 stated:

"Appellants (remonstrators) cannot prevail unless there is a complete failure of proof with regard to one of the determinants. *Abell* v. *City of Seymour* (1971), 150 Ind. App. 197, 275 N.E.2d 547, 28 Ind. Dec. 101."

From the record before this Court, it is apparent that the appellee-city has failed with regard to determinant (f) as previously interpreted by *Pollard, Stratman* and *Crothers, supra.*

We are therefore compelled to reverse the decision of the trial court.

Hoffman, C.J. and Staton, J., concur.

### STATEMENT ON PETITION FOR REHEARING

SHARP, J.—On Petition for Rehearing, it has been brought to our attention that our original opinion in this case was ambiguous as to which of the five consolidated cases we were reversing. *Wagner et al.* v. *City of Warsaw,* 157 Ind. App. 462, 300 N.E.2d 670 (1973). The case of *Kenneth Wagner et al.* v. *City of Warsaw* is hereby reversed for failure of Appellee-City to meet the requirements of determinant (f). The remaining four of the five consolidated cases are hereby affirmed.

NOTE.—Reported at 300 N.E.2d 670.