THE TOWN OF ELBERFELD, INDIANA, ET AL. *v*. IN RE: ANNEXATION OF CERTAIN TERRITORY TO THE TOWN OF ELBERFELD, INDIANA, ET AL.

[No. 671S180. Filed June 5, 1973.]

*Robert S. Matthews, Matthews & Shaw,* Evansville, for appellants.

*Olson & Niederhaus,* Evansville, *Scales & Long,* Boonville, for appellees.

ARTERBURN, C.J.—On December 19, 1969, the Town of Elberfeld adopted annexation ordinance 1-1969, as amended, declaring and defining the entire corporate boundaries of the Town of Elberfeld. Thereafter, on December 20, 1969, a copy of the annexation ordinance was posted in one public place in each ward of the Town of Elberfeld and in addition thereto in other public places in the area annexed under the ordinance. The ordinance provided that it would be effective at midnight on December 30, 1969.

On January 19, 1970, the remonstrators filed their complaint in the Warrick Circuit Court and the court made a determination on January 26, 1970, that the petition bore the names of more than fifty percent of the owners of land in the territory to be annexed.

The court received evidence on November 8, 1970, and on January 13 and 15, 1971.

The court entered its findings of fact and conclusions of of law on January 29, 1971, and thereafter, on February 8, 1971, the respondents and defendants below filed their motion to correct errors. Thereafter, on March 22, 1971, the remonstrators filed their motion to correct errors. On April 1, 1971, the court overruled the respondent's and remonstrators' motions to correct errors and in a special finding stated that the town of Elberfeld had failed to meet the requirements of determinant (f) of *Burns' Ind. Stat. Anno.* § 48-715,[1] applicaable to *towns* which reads as follows:

"(f) The territory is contiguous and the lines are so drawn as to form a compact area abutting the municipality."

The court found that although the territory sought to be annexed abutted the town's boundaries, the parcels were separate tracts that were not contiguous. The appellant contends that this statute should be interpreted as not requiring that the parcels sought to be annexed be contiguous as long as they abut the town's boundary. With this contention we can not agree. The statute, in our opinion, is unambiguous and requires plainly both an "abutting" on the boundary of the municipality *and* that the territory sought to be annexed also must be "contiguous," which means that the parcels must be touching each other. We followed this interpretation previously in the case of *City of Indianapolis* v. *Pollard, et al.* (1960), 241 Ind. 66, 169 N. E. 2d 405, where we stated:

1. Acts 1959, ch. 240, §§ 11-15, p. 570: Acts 1961, ch. 346, § 1, p. 1080 *repealed* by Acts 1969, ch. 239, § 8, p. 922. This matter is presently covered by IC 1971, 18-5-10-23. [*Burns' Ind. Stat. Ann.* § 48-720 (1972 Supp.)].

"The trial court found that the territory sought to be annexed were three separate parcels *not contiguous* with each other, or in other words, not a 'compact area *abutting* the municipality.' (Our italics.) The appellees contend that 'taking into consideration the area already a part of the City of Indianapolis, the area annexed does not constitute a compact adjoining area.' The statute however states it must be 'a compact *area abutting* the municipality,' (our italics) using the singular with reference to the area to be annexed. In our opinion, *separate non-contiguous parcels are not a compact area* even though they each may abut the municipality at some point. Such a condition is a 'primary determinant,' and the law states:

'If, . . . the presence of these primary determinates cannot be demonstrated in the evidence, the annexation shall not take place.' " Burns' Section 48-702, 1960 Cum. Supp. (emphasis supplied in part.) *Id.* at 71-72, 169 N. E. 2d at 408.

The evidence is undisputed in this case that the two parcels sought to be annexed are not contiguous with each other although they do abut the town boundary. For the reasons stated, we find no error in the decision of the trial court as presented to us by the appellant. The judgment of the trial court is affirmed.

All justices concur

NOTE.—Reported in 296 N. E. 2d 653.