TOWN OF PORTER, Indiana; Thomas W. Esgate, William E. Tilden, Joan M. Shields, Charles H. Folk and Eugene Bodnar, as Trustees of the Town Board of Porter, Indiana; Katherine F. Vogan, Deputy Clerk Treasurer, and Lila L. Hokanson, Clerk Treasurer of the Town of Porter, Appellants (Defendants Below),

v.

BETHLEHEM STEEL CORPORATION, Northern Indiana Public Service Company and Chicago South Shore & South Bend Railroad, Appellees (Plaintiffs Below).

No. 3–982A233.

Court of Appeals of Indiana, First District.

July 12, 1983.

Rehearing Denied Aug. 24, 1983.

Robin D. Pierce, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellants.

Delmar R. Hoeppner, Larry G. Evans, Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, Jerry P. Belknap, Daniel W. McGill, Barnes & Thornburg, Indianapolis, William H. Eichhorn, Paul A. Rake, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendants-appellants Town of Porter, *et al* (Town) appeal from an order of the Porter Superior Court granting plaintiffs-appellees Bethlehem Steel Corporation (Bethlehem), Northern Indiana Public Service Company (NIPSCO) and Chicago South Shore & South Bend Railroad (Railroad) summary judgment upon their objection to the Town's second annexation attempt of certain property in violation of the two-year moratorium statute found under Ind. Code 18–5–10–26 (1976 ed.).[1]

We affirm.

### STATEMENT OF THE FACTS

On May 27, 1980, the Town enacted Ordinance No. 656 to annex certain territory in Westchester Township, Porter County, Indiana. As the primary land owners, Bethlehem, NIPSCO and the Railroad filed a complaint and remonstrance against annexation on July 29, 1980, alleging that the Town's ordinance was *ultra vires* since it was adopted without the consent of the City of

---

1. The current provision is recodified without substantial change under Ind.Code 36–4–3–15 by Acts 1980, P.L. 212, § 3. Ind.Code 18–5–10–26 was repealed, effective September 1, 1981, by Acts 1980, P.L. 212, SEC. 10(c). All other Title 18 statutory sections discussed in this opinion have also been repealed, effective September 1, 1981.

Portage, Indiana, as required by Ind.Code 18–5–10–31.[2]

On November 7, 1980, the trial court granted summary judgment in favor of the appellees, and thereafter, the Town obtained consent from the City of Portage and again attempted to annex the same territory by enacting Ordinance No. 665. Bethlehem, NIPSCO and the Railroad filed a complaint and remonstrance pursuant to Ind.Code 18–5–10–24 (1976 ed.) and moved for summary judgment on the grounds that the Town's action violated Ind.Code 18–5–10–26 which provides:

Upon the determination of the appeal, the judgment shall particularly describe the ordinance upon which the appeal is based, and the clerk of the circuit court shall forthwith deliver a certified copy of the judgment to the clerk or clerk-treasurer of the city, who shall record the same in the ordinance record and make a cross reference to the page thereof upon the margin where the original ordinance was recorded. In case the decision is adverse to annexation, no further annexation proceedings for the territory shall be lawful for two (2) years after the rendition of the judgment, unless the annexation is petitioned in conformance with provisions of section 405 of this article.

On June 1, 1982, the trial court granted appellees' motion for summary judgment, finding that Ordinance No. 665 was null

and void since it was enacted before expiration of the two-year ban on further annexation imposed by Ind.Code 18–5–10–26.

## ISSUE

The sole issue on appeal is whether a summary judgment declaring an annexation ordinance null and void for failure to comply with the consent requirements of Ind.Code 18–5–10–31 triggers Ind.Code 18–5–10–26, the two-year moratorium statute, on any further annexation of the same territory.

## DISCUSSION AND DECISION

The Town principally argues that in order for a trial court to make a "determination of the appeal" as set forth under Ind.Code 18–5–10–26, it must base the determination on one of the "primary determinants"[3] or factors enumerated under Ind.Code 18–5–10–32, which are as follows:

Town annexation shall not be sustained on appeal unless the following requirements have been met:

(a) The resident population of the area sought to be annexed is equal to at least three (3) persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent (60%) of the land therein is subdivided; and

(a) The annexation is in the best interest of the city and of the territory sought to be annexed.
(b) The area is urban in character, being an economic and social part of the annexing city.
(c) The terms and conditions set forth in the ordinance are fair and just.
(d) The city if financially able to provide municipal services to the annexed area within the reasonably near future.
(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.
(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality.

---

2. Ind.Code 18–5–10–31, the consent statute, was repealed, effective September 1, 1981, by Acts 1980, P.L. 212, Sec. 10(c), and it provided as follows:

If any part of the area sought to be annexed by a town lies within four (4) miles of any point on the perimeter of a city of the first class, or within three (3) miles of any point on the perimeter of a city of the second or third class, the consent of the common councils of such cities shall be obtained before annexation as a condition of validity: Provided, That in counties where a metropolitan plan commission is in existence, the consent of the metropolitan plan commission in lieu of the consent of the common councils of such cities shall be obtained.

3. The primary determinants under the former statute, § 48–702, were as follows:

(b) At least one-eighth (⅛) of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing town; and

(c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three (3) years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed.

The Town contends that a court determination based upon the Town's failure to obtain prior consent from a city of the third class cannot give rise to the two-year ban on annexation proceedings since the consent requirement is not a condition precedent under Ind.Code 18–5–10–32. For authority, the Town relies upon Ind.Code Ann. § 48–702 (Burns Code Ed., Supp.1960),[4] a predecessor to Ind.Code 18–5–10–26, and the caselaw interpreting it.

On reviewing a summary judgment, the Court of Appeals must determine whether there is any genuine issue of material fact, and whether the moving party is entitled to a judgment as a matter of law. *Wallace v. Indiana Insurance Company*, (1981) Ind. App., 428 N.E.2d 1361. The trial court is bound by the same standard. *F.W. Means & Company v. Carstens*, (1981) Ind.App., 428 N.E.2d 251. Evidentiary matters are examined in a light most favorable to the non-moving party. *State ex rel. Van Buskirk v. Wayne Township, Marion County,* (1981) Ind.App., 418 N.E.2d 234.

Both parties agree that Ind.Code 18–5–10–26 was the statute in effect on January 27, 1981, when the Town adopted Ordinance No. 665. By the express language of Ind. Code 18–5–10–26, the annexing municipality is prohibited from initiating annexation proceedings of the same territory for two years following a judgment adverse to annexation. The statute does not limit itself to judgments based solely on the factors enumerated under Ind.Code 18–5–10–32, but encompasses *any* decision adverse to annexation. Where a statute is clear and unambiguous, this court has no choice but to hold it to its plain meaning. *Seymour National Bank v. State,* (1981) Ind., 422 N.E.2d 1223. It is not the court's prerogative to vary from the plain meaning of the unambiguous terms employed by the legislature. *Burks v. Bolerjack,* (1981) Ind., 427 N.E.2d 887.

We agree with appellees that the trial court's summary judgment was a final determination of the appeal, and therefore the Town could not proceed to annex the same territory for two years following the judgment. *See, City of Indianapolis v. Pollard,* (1960) 241 Ind. 66, 169 N.E.2d 405; and *Webb v. City of Bloomington,* (1974) 159 Ind.App. 258, 306 N.E.2d 382. Ind.Code 18–5–10–31, the consent statute on which the trial court based its judgment, is a mandatory provision which required the Town to obtain consent from the City of Portage when it sought to annex territory located within three miles of the third-class city. In effect, the consent statute is an additional factor to those set forth under Ind.Code 18–5–10–32 to be met by the Town before annexation. In *City of Hobart v. Town of Merrillville,* (1980) Ind. App., 401 N.E.2d 726, 730, the court said:

To accept the Town's interpretation would be to ignore what we perceive as the clear language and structure of Ind. Code 18–5–10–29–32. Section 29 specifically states towns may annex territory pursuant to §§ 30 through 32. Thus the legislature clearly expressed an intent for the consent requirements of § 31 to be applied to all town annexations. To construe the legislation any other way would render § 29 mere surplusage and this we will not do.

The intent of Ind.Code 18–5–10–29–32 is clear. If the boundaries of a city fall within the prescribed distance from terri-

---

**4.** § 48–702 was repealed by Acts 1969, ch. 239, Sec. 8, at 922.

tory which a town wishes to annex the town must obtain the city's consent as a condition of validity to its annexation ordinance. The Town of Merrillville was thus required to obtain the consent of the City of Hobart. This the Town failed to do and, as a result, its annexation ordinance was an illegal act and is hereby voided.

The Town's contention that *only* a judgment based on the factors enumerated in Ind.Code 18–5–10–32 permits the court to invoke the two-year ban on further annexation is not well taken. To the contrary, the statute serves a different, very important function. Our supreme court in *King v. City of Bloomington,* (1959) 239 Ind. 548, 159 N.E.2d 563, 571, stated that the two-year ban was *inter alia,* intended to guard against vexatious proceedings by municipalities:

> The legislative intent to protect against the evils and mischief of such harassment is apparent by the enactment of the provision in the statute that in case the decision is adverse to annexation on appeal, there shall be no further proceedings for such territory for two years thereafter.

*See, Rogers v. City of Evansville,* (1982) Ind.App., 437 N.E.2d 1019, and *Besso v. Town of Porter,* (1982) Ind.App., 432 N.E.2d 1380.

Because the Town failed to obtain consent in its first annexation proceeding, the trial court correctly ruled against the second proceeding as violative of Ind.Code 18–5–10–26.

For the above reasons, we affirm the judgment of the trial court.

Judgment affirmed.

ROBERTSON, P.J., concurs.

GARRARD, J., participating by designation, concurs.

