## SOUTHERN INDIANA POWER COMPANY v. MILLER.

[No. 22,630.   Filed March 15, 1916.   Rehearing denied June 2, 1916.]

1. EMINENT DOMAIN.—*Assessment of Damages.—Evidence.*—In an action to assess damages to land occasioned by reason of the overflow of backwater from a river dam, evidence of physicians that the overflow from the dam would increase the breeding of mosquitoes along the river and thus cause malaria among tenants on defendant's farm was unobjectionable.   p. 36.

2. EVIDENCE.—*Judicial Notice.—Scientific Facts.*—Courts take judicial knowledge of the fact that overflows and floods are followed by disease and that swampy lands are detrimental to public health.   p. 37.

3. EVIDENCE.—*Opinions.—Questions for Jury.*—It is not permissable for a witness to express an opinion upon a subject of which the jury is as well prepared to judge as the witness, nor will he be allowed to give his opinion upon the exact question the jury is to decide.   p. 37.

4. EVIDENCE.—*Opinion Evidence.—Admissibility.*—In an action to assess damages to land occasioned by the overflow of backwater from a dam, the testimony of a witness, who had stated that the well on defendant's farm was in bad condition, that he believed that such condition was caused by the backwater from the dam, was improperly admitted, since a witness will not be allowed to express an opinion upon a subject which the jury is as well prepared to judge as the witness.   p. 37.

5. EVIDENCE.—*Opinion Evidence.—Competency of Witnesses.*—When witnesses testify as to the fair and reasonable value of property taken in appropriation proceedings, they should qualify themselves as having knowledge of the value of such property in the locality in which the same is situated.   p. 38.

6. EMINENT DOMAIN.—*Assessment of Damages.—Evidence.*—In an action to assess damages to land caused by the overflow of backwater from a dam, evidence that the defendant had increased the rent of his farm after the construction of the dam was irrelevant and properly excluded, as, in such a case, the measure of damages is the value of the land permanently submerged, together with the

depreciation in value of the remainder, and the rent agreed upon between the defendant and his tenant was a matter of private contract and was collateral to the question at issue.    p. 38.

From Lawrence Circuit Court; *Oren O. Swails* Judge.

Action by the Southern Indiana Power Company against Edmund J. Miller. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Brooks & Brooks*, for appellant.
*Montgomery & Montgomery*, for appellee.

SPENCER, J.—Appellant is the owner of a certain dam and hydraulic generating plant constructed under the authority of §5081 Burns 1914, Acts 1907 p. 280, at the town of Williams, in Lawrence county. The dam is located in and across White river, a permanent stream or water course at that point, and by its construction the water in said stream was set back and caused to overflow a part of appellee's lands. To appropriate the lands so overflowed and to assess the damages sustained by appellee through such appropriation is the purpose of this action. In prosecuting this appeal from a verdict and judgment fixing said damages, appellant alleges error of the court below in overruling its motion for a new trial and challenges specifically the admission and rejection of certain evidence and the refusal to give certain instructions requested by it.

Over appellant's objection, two physicians were permitted to testify that in their opinion the overflowage from appellant's dam would increase the breeding of mosquitoes along the river, and thus cause malaria among tenants on appellee's farm.

1. There is no objection to the admission of this evidence. Courts take judicial knowledge of the fact that overflows and floods

are followed by disease and that swampy
2.  lands are detrimental to public health.   Evidence of witnesses who are properly qualified
to show the probable effect of such conditions on
those living near is admissible.   *Applegate* v. *Franklin* (1904), 109 Mo. App. 293, 305, 84 S. W. 347.

Another class of evidence to which objection is
made is illustrated by the examination of Nathan
Freeman, witness for appellee.   After testifying
that he found the water in a well on appellee's
farm in bad condition, he was asked this question:
"You may state now what caused the condition,
if you can, that you found?"   Over an objection
that the witness was not sufficiently qualified and
that the question called for a decision and opinion
on a matter to be determined by the jury in view of
all the evidence, the witness replied:  "I believe
the backwater from the dam."   No attempt was
made to show that the witness was qualified to
answer the questions propounded to him or to
elicit the facts on which he based his opinion.
On cross-examination he admitted that the well
was on high ground, and that he did not know how
deep it was or what relation existed between the
level of the well and that of the water in the river.

It is the law of this state, as announced in
3.  *New Jersey, etc., R. Co.* v. *Tutt* (1906), 168
Ind. 205, 216, 80 N. E. 420, 424, "that a witness will not be allowed to express an opinion upon
a subject of which the jury is as well prepared to
judge as the witness; or, as generally expressed, he
will not be permitted to give his opinion upon the
exact question the jury are to decide."   This
is especially true where it is clear that the
4.  witness is not qualified to express such
opinion.   Appellant's objection to the question should have been sustained.

Objection is also urged to evidence introduced by appellee for the purpose of showing the value of his land before and after the construction of appellant's dam. We need not consider these objections in detail, it being sufficient to say that when witnesses testify as to the fair and reasonable value

5. of property taken in appropriation proceedings they should qualify themselves as having knowledge of the value of such property in the locality in which the same is situated. *Muncie, etc., Traction Co.* v. *Citizens' Gas, etc., Co.* (1912), 179 Ind. 322, 100 N. E. 65.

After evidence had been introduced to show a depreciation in the value of appellee's farm, appellant sought to prove by the tenant on the farm that appellee had increased his rent after the dam was constructed. This evidence was excluded. Where property has been flooded by reason of

6. the lawful construction of a dam, the measure of damages is the value of the land permanently submerged, together with the depreciation in value of the remainder which is due to such construction. The rent agreed on between appellee and his tenant was a matter of private contract, and was collateral to the question at issue, namely, the actual value of the farm. Evidence as to such contract was irrelevant and therefore properly excluded.

The other questions presented will probably not arise on a second trial and it is unnecessary here to consider them. Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.

NOTE.—Reported in 111 N. E. 925. See 85 Am. St. 302; Ann. Cas. 1913A 1361.