WEBB *v.* VOLZ.

[No. 18,221. Filed December 20, 1951.]

*Wycoff & Greeman,* of Batesville, for appellant.

*James L. Laupus,* of Seymour, and *Ewing E. Wright,* of Osgood, for appellee.

CRUMPACKER, J.—On May 29, 1947, the appellant bought a Willys automobile from the appellee described in the certificate of title, issued to him by the State of Indiana, as a 1940 four-door sedan bearing engine

number 30390 and serial number 44047506, for which he paid $375 cash. The appellant later sold said automobile to one John Schwing who in turn sold it to one Silas Gilbert. While in Gilbert's possession it was seized by the Indiana State Police Department as a stolen car. Gilbert was thereupon reimbursed by Schwing who in turn was reimbursed by the appellant who then demanded the return of the $375 he paid the appellee for the purchase of the car. Repayment was refused and this suit followed. It was tried to the court, without a jury, and the finding and judgment is for the appellee.

It is conceded by both parties that if the car involved was, in fact, a stolen car at the time it was sold by the appellee to the appellant, the decision of the trial court is erroneous. In proof of his case the appellant relies primarily on the testimony of one Richard Wedekind, a detective sargeant for the automobile detail of the Indiana State Police. He testified that on November 30, 1948, he was told, by a representative of the National Theft Bureau, that a "1940 Willys, engine number 30390" had been reported stolen in Chattanooga, Tennessee, on November 19, 1945, and was instructed to examine a "1940 Willys" which was then in the possession of Silas Gilbert. At this point we quote directly from the witness' testimony as recited in the appellant's brief:

"We examined the car and checked the serial number which was given on the Indiana Title as 37506 and it was actually 31506, that was identified by the secret serial number and, as soon as we checked that, we impounded it as a stolen car. We identified the car by the secret serial number. Automobiles generally have secret numbers or motor numbers or both. They are numbers in addition to the motor and serial numbers which are used by the public. On this car the number on the

title was 37506 and the secret number on the car was 31506. Those numbers apply to the same automobile and the motor number 30390 was the only motor number and was for the same automobile. The certificate of title called for serial number 37506 and the actual true serial number of the car in 1940 was 31506."

The appellant insists that this evidence is undisputed and forces the conclusion that the appellee had no title to the automobile at the time of its pretended sale to him. It appears, from evidence independent of Wedekind's testimony, the appellee purchased the automobile from one Joseph C. Schneider, a resident of Ripley County, Indiana, on December 3, 1948. Where and under what circumstances Schneider came into possession of it does not appear but in the certificate of title issued to him by the State of Indiana its serial number is designated as "44037506" and this serial number appears in each successive certificate of title down to and including that issued to Gilbert. This is in direct contradiction to the testimony of Wedekind who said the serial number appearing in said certificate is "37506." Although Wedekind's testimony is by no means clear and definite we take it to mean that when an automobile is built the manufacturer stamps or otherwise affixes a serial number on it in two places—one open to the view of anyone who cares to look and the other hidden away in some secret place known only to the manufacturer and those to whom he sees fit to impart the information. The ostensible numbers are used by the State to identify the automobiles in the certificates of title it issues. This practice or custom being undisputed, the appellant contends that when the serial number as shown by the certificate of title to an automobile does not correspond to that appearing in the secret place on the car itself the inference is in-

escapable that the possessor has no title. This argument assumes that purchasers of automobiles make no mistakes in writing the open serial numbers on their applications for certificates of title and that the Department of Motor Vehicles make no mistakes in copying such serial numbers on the certificates of title issued on said applications.

There is no evidence in the record before us as to the open or non-secret serial number which appears on the car itself and for aught we know it may be identical with that appearing in the secret place. In that event the inference is reasonable that the serial number appearing in the various certificates of title is erroneous. It is our opinion that, upon this state of the record, the appellee's lack of title to the car in question at the time he sold it to the appellant, does not appear as a matter of law. It is true that Wedekind testified that "from my investigation I determined that the 1940 Willys in Silas Gilbert's possession and which I impounded was a stolen car." This was the witness' conclusion concerning the very issue the court had before it for determination and it is apparent, from the very nature of the subject, that the court was just as competent to evaluate the evidence as was the witness. For that reason Wedekind's opinion is not competent evidence, *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 80 N. E. 420; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347; *Southern Indiana Power Co.* v. *Miller* (1916), 185 Ind. 35, 111 N. E. 925, and as it came in over the appellee's objections it lends no support to the appellant's case.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 2d 517.