GUTHRIE, PRESTI, ET AL. *v.* CITY OF BLOOMINGTON.

[No. 20743. Filed November 27, 1968. Rehearing denied December 30, 1968. Transfer denied April 1, 1969.]

*Donald E. Bowen, Frank E. Spencer,* of Indianapolis, for appellants.

*James R. Cotner,* of Bloomington, for appellee.

CARSON, C. J.—This is an appeal from the judgment of the Monroe Superior Court in an action commenced upon the remonstrance of appellants to an ordinance of annexation of the appellee. The court entered finding and judgment against the appellants upon trial by the court.

The remonstrance against annexation was filed by a majority of the owners of land in the territory sought to be annexed, on the ground that the following primary determinants were not present, stating:

A.  The annexation is not in the best interests of the City of Bloomington.

B.   The annexation is not in the best interests of the territory sought to be annexed.

C.   Not all of the area described in said ordinance, outside the prior-existing boundaries of said City, is urban in character.

D.   Not all of the area described in said ordinance, outside the prior-existing boundaries of said City, is an economic and social part of the annexing City.

E.   There are no terms and conditions set forth in said ordinance which are fair and just, and by reason of the different nature, state or lack of development, and circumstances of the many areas attempted to be annexed to said City by the inclusive provisions of said ordinance, fair and just terms and conditions concerning such attempted annexation were reasonably necessary.

F.   The City of Bloomington is not financially able to provide adequate municipal services to the annexed areas within the reasonably near future.

G.   The parts of the area sought to be annexed which are undeveloped are not needed for development of the City of Bloomington in the reasonably near future.

H.   The lines of the annexation are so drawn that they do not form a compact area abutting the City of Bloomington.

I.   The City of Bloomington, by the action of its common council aforesaid, has arbitrarily and without good cause excluded urban areas adjacent to said City from the attempted annexation by said ordinance, while including therein undeveloped rural areas and other areas non-urban in character.

The proceedings in this action are governed by the Acts of 1905, ch. 129, § 243, as amended, being Burns', 1963 Repl., § 48-702. The primary determinants necessary to support the proposed annexation as set out in the above statute read as follows:

"(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

"(b) The area is urban in character, being an economic and social part of the annexing city.

"(c) The terms and conditions set forth in the ordinance are fair and just.

"(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

"(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

"(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality."

The ordinance in question was adopted on the 4th day of September, 1962; the remonstrance and supplementary remonstrances were presented in open court on the 13th of October, 1962; various petitions and motions, not pertinent to this appeal, were filed from time to time in said action and on the 17th of March, 1966, the City of Bloomington moved to dismiss its motion to reconsider the question concerning the number of signatures to the remonstrance and agreed that the signatures did represent a majority of the property owners and that the remonstrances filed were sufficient in form and content; the cause then submitted for trial by the court without jury on October 3, 1966. The trial lasted two (2) days and the court took the cause under advisement and entered its finding in judgment on the 2nd day of November, 1966. The judgment of the court was against the remonstrators.

On December 1, 1966, the remonstrators filed their motion for a new trial, specifying thirteen (13) individual specifications. The first eight (8) specifications are hereafter set out and read as follows:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law.

"3. The decision of the Court that the annexation is in the best interests of the City and of the territory to be annexed is not sustained by sufficient evidence.

"4. The decision of the Court that the area is urban in character, being an economic and social part of the annexing City, is not sustained by sufficient evidence.

"5. The decision of the Court that the terms and conditions set forth in the ordinance are fair and just is not sustained by sufficient evidence.

"6. The decision of the Court that the City is financially able to provide municipal services to the annexed area within the reasonable near future is not sustained by sufficient evidence.

"7. The decision of the Court that the area sought to be annexed is needed for the development of the City in the reasonable near future is not sustained by sufficient evidence.

"8. The decision of the Court that the lines of annexation are so drawn as to form a compact area abutting the municipality is not sustained by sufficient evidence."

Specifications 9, 10, 11, 12 and 13, were assigned as errors of law and dealt with the admission into evidence of certain exhibits tendered by the City of Bloomington, and the testimony of witnesses called on behalf of the City of Bloomington to which exhibits and testimony, the remonstrators timely objected during the trial.

On the 16th of December, 1966, the court overruled the motion for a new trial and the sole assignment of error is the action of the court in overruling the motion for a new trial.

It is only necessary for us to consider Specification No. 8 In applying the decision of our Supreme Court, in the case of *City of Indianapolis et al. v. Pollard, et al.* (1960), 241 Ind. 66, 169 N. E. 2d 405, it is clear that the decision of the trial court was contrary to law. We quote from the above case at page 72:

"The statute however states it must be 'a compact *area abutting* the municipality,' (our emphasis) using the

singular with reference to the area to be annexed. In our opinion, separate noncontiguous parcels are not a compact *area* even though they each may abut the municipality at some point. Such a condition is a 'primary determinant,' and the law states:

'If, . . . the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place.' Burns' § 48-702, 1960 Cum. Supp."

For the reasons above stated, the judgment is reversed and the court is instructed to grant the motion for a new trial.

Judgment reversed.

Cooper, Faulconer and Prime, JJ., concur.

NOTE.—Reported in 242 N. E. 2d 37.