ABELL ET AL. *v.* CITY OF SEYMOUR, INDIANA.

[No. 1270A255. Filed December 6, 1971.
Rehearing denied January 12, 1972.]

*Robert L. Pardieck, Montgomery & Pardieck,* of Seymour, *Donald E. Bowen, Bowen, Myers, Northam & Soards,* of Indianapolis, for appellants.

*John M. Lewis,* of Seymour, for appellee.

HOFFMAN, C. J.—This appeal arises from a proceeding in which the City of Seymour, Indiana, sought to annex certain land.

Three issues are presented by this appeal:

*First.* Whether the findings as set forth by the trial court are sufficient to satisfy Acts 1955, ch. 269, § 3, p. 720, § 48-702 (Burns 1963).[1]

*Second.* Whether the trial court's conclusion as to the six determinants are supported by sufficient evidence.

*Third.* Whether the admission into evidence of certain expert testimony was contrary to law.

The facts of this case are as follows:

On or about January 22, 1968, the City of Seymour, Indiana, sought to annex certain territory by its Ordinance No. 1526. Such ordinance was duly adopted by the Common Council of Seymour and was approved by the Mayor. Such ordinance was also published once each week for two consecutive weeks in the Seymour Daily Tribune.

Thereafter remonstrators-appellants duly and timely filed their remonstrance as owners of land in such annexed territory.

Having determined this remonstrance to be sufficient, the trial court held a hearing pursuant to § 48-702, *supra,* which reads, in part, as follows:

"The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such annexation according to the evidence which either party may introduce. Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

(b) The area is urban in character, being an economic and social part of the annexing city.

(c) The terms and conditions set forth in the ordinance are fair and just.

(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

---

1. The statutes upon which this case relies have since been repealed.

(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality."

Subsequently the trial court entered its "Judgment and Findings of Fact and Law" which reads, in pertinent part, as follows:

"5. That at upon the hearing of such appeal, the evidence demonstrated the presence of the primary determinant that the annexation is in the best interests of the city and of the territory sought to be annexed.

"6. That at upon the hearing of such appeal, the evidence demonstrated the presence of the primary determinant that the area in [is] urban in character, being an economic and social part of the annexing city.

"7. That at upon the hearing of such appeal, the evidence demonstrated the presence of the primary determinant that the terms and conditions set forth in the ordinance are fair and just.

"8. That at upon the hearing of such appeal, the evidence demonstrated the presence of the primary determinant that the city is financially able to provide municipal services to the annexed area within the reasonably near future.

"9. That at upon the hearing of such appeal, the evidence demonstrated the presence of the primary determinant that the area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

"10. That at upon the hearing of such appeal, the evidence demonstrated the presence of the primary determinant that the lines of the annexation are so drawn as to form a compact area abutting the municipality.

"And as conclusions of law upon the facts, the Court states:

"1. That the law is with the City of Seymour;

"2. That accordingly, notwithstanding the remonstrance, the annexation as proposed in Ordinance #1526, City of Seymour, should take place.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that the following described territory, situate in Jackson County, Indiana, to-wit:

(Here follows description of real estate.)

and as described in Ordinance #1526, Council Bill #31, (1967) City of Seymour, as duly adopted and approved January 22, 1968, be, and it is hereby, annexed to the City of Seymour, Indiana."

Subsequently, the remonstrators filed their motion to correct errors, which asserts the issues discussed below.

*First.* On appeal, the first issue argued by appellants is whether the findings set forth by the trial court are sufficient to satisfy the provisions of § 48-702, *supra.* Appellants argue that special findings of fact are required under the authority of *Carlton et al.* v. *Bd. of Zoning Appeals* (1969), 252 Ind. 56, 245 N. E. 2d 337, 16 Ind. Dec. 704. *Carlton* involved a review of a decision of the Board of Zoning Appeals of the City of Indianapolis. This Board is an administrative agency. Furthermore, the statute upon which *Carlton* is based expressly provides that the Zoning Board shall make special findings of fact to support its determination.

The instant case is readily distinguishable from *Carlton.* We are not here concerned with review of an administrative decision. To the contrary, we are concerned with an appeal from the judgment of the trial court. The reasoning of *Carlton* is not here applicable, nor is there found in the annexation statute any requirement whatsoever that special findings of fact be made. We, therefore, conclude that appellants arguments as to this issue are erroneous. This being the sole issue preserved as to the findings of the trial court, we need not consider further the sufficiency of such findings as special findings of fact.

*Second.* The second issue raised by the appellants is whether the decision of the trial court as to the presence of the six primary determinants is supported by sufficient evidence and is contrary to the evidence. In reviewing these contentions this court cannot, and will not, weigh the evidence. For appellants to prevail there must be a complete failure of proof with regard to the determinant at issue. In *Smith, et al.*

v. *The Incorp. Town of Culver, Ind.* (1968), 249 Ind. 665, at 667, 234 N. E. 2d 494, at 496, our Supreme Court stated as follows:

> "We do not on appeal weigh and consider the evidence to determine whether or not the appellee-town has 'established' all the primary determinants in a case of annexation. We may only consider the evidence most favorable to the finding of the town, board, [Common Council] with all reasonable inferences to be drawn therefrom. If there is a conflict in the evidence before the trial court, the decision of the town board [Common Council] must stand as to the facts."

See also:

*Baker* v. *City of South Bend, St. Joseph County* (1971), 148 Ind. App. 596, 268 N. E. 2d 623, 25 Ind. Dec. 304 (transfer denied).

In respect to whether the determinants are supported by sufficient evidence, appellants first argue that there is no evidence to show the territory sought to be annexed is urban in character.

91 C.J.S., *Urban,* p. 512, defines "urban" in the following manner:

> "[I]t has been indicated that property will not always be regarded as urban merely because it lies within the limits of a city, and a locality will be considered to be urban if the houses and improvements partake of the character of a city or town, and are mainly occupied by persons engaged in city pursuits."

This statement seems to give a proper definition to the word "urban" as found in § 48-702(b), *supra,* as follows:

> "The area is urban in character, being an economic and social part of the annexing city."

When viewed most favorably to the appellee, the evidence as to whether the area sought to be annexed is urban in character shows that one of the residents of the area works in the City of Seymour. Some residents attend church and

social activities in the city. Some have children attending Seymour schools. Most trade regularly with Seymour merchants. Other of the residents operate private businesses in their homes and at least to some extent rely on trade from within the city limits. Also, testimony of the City Building Commissioner and the Mayor stated that the surrounding areas have been absorbed by the city's growing residential, educational and business needs.

We, therefore, conclude that there was ample evidence from which the trial court could have found that the area was urban in character, being an economic and social part of the annexing city.

Appellant next argues that there is no evidence in the record to satisfy the requirement of § 48-702(c), *supra,* that "the terms and conditions set forth in the ordinance are fair and just." This court was faced with this same contention in *In re Ordinance No. 464* v. *City of Jasper* (1961), 133 Ind. App. 1, 176 N. E. 2d 906 (transfer denied, 242 Ind. 475, 179 N. E. 2d 749), wherein this court held that the "fair and just" determinant of § 48-702, *supra,* must be read in conjunction with the pertinent portion of Acts 1955, ch. 269, § 1, p. 720, § 48-701 (Burns 1963), which reads:

"The terms and conditions applicable to any such annexation may relate to any matter reasonably and fairly calculated to render such annexation just and equitable both to the city, its property owners and inhabitants, and to the annexed territory, its property owners and inhabitants, including, but not restricted to, such matters as (a) postponing the effective date of such annexation, (b) impounding in a special fund in whole or in part the municipal property taxes to be imposed upon the annexed territory after annexation shall take effect, in such amount and for such period of time, not to exceed three [3] years, as said common council may determine, and using such impounded taxes solely for the benefit of such annexed territory, its property owners and inhabitants, in the extension of municipal services and benefits and the making of municipal or public improvements in the annexed territory, or (c)

establishing equitable provisions for the future management and improvement of the annexed territory and for the rendering of needed services."

There is evidence in the record from which the trial court could have concluded that the city is able to provide for the management and improvement of the territory and financially able to render needed services to the area. Testimony indicating that the city can provide sewer and sanitation service, city fire protection, city police protection, and a new residential and business development, would give the trial court sufficient basis for a reasonable inference that the terms of the ordinance are fair and just. The evidence also shows that the tax liability of certain residents whose property is now being used for farming or pasturage may be increased by such annexation. Though reasonable men might disagree with the result reached by the trial court, we cannot, and will not, disturb this finding where, as we have said, it was based on conflicting evidence in the record.

As to whether the area is needed for the development of the city in the reasonably near future, evidence indicates plans for constructing a new school in the area in three to five years and plans for the opening and closing of streets in the area. Additional testimony showed that residential and business expansion from the city surrounds the area on three sides. Testimony to the contrary indicated the belief of some of the remonstrators that while the area might be needed in the future, the need was not in the near future. In light of this conflicting evidence, whether the city's need for the area was in the "reasonably near future" was for the trial court to determine. We will not disturb its finding that the evidence demonstrated such need.

Appellants next argue that the lack of fire plugs shows that the city would not be able to provide civil services to the area in the reasonably near future. Notwithstanding the testimony of the Chief of the Fire Department that the city

has a tanker and a pumper truck as well as specially constructed hose bridges to connect the area with fireplugs on the opposite side of U. S. Highway 50, we agree with appellee that the appellant has misconstrued the determinant. The determinant requires that the city be *financially able* to provide municipal services in the reasonably near future.

As heretofore stated, there was testimony to the effect that the city street department, fire department, sanitation department and police department could service the area at little or no extra cost. This is an adequate basis from which the trial court could have found the determinant was supported by the evidence.

Appellants next argue that there was no evidence to support the determinant required by § 48-702 (f), *supra,* that "the lines of the annexation are so drawn as to form a compact area abutting the municipality." Whether the area sought to be annexed consists of "a compact area abutting the municipality" necessarily depends upon the facts of each case. The term "compact" is used solely in reference to the area to be annexed. It has no reference to the surrounding territory, *only* to the area itself. In *City of Indpls.* v. *Pollard* (1960), 241 Ind. 66, 169 N. E. 2d 405, and *Guthrie* v. *City of Bloomington* (1968), 143 Ind. App. 615, 242 N. E. 2d 37 (transfer denied), attempts to annex separate parcels of land by the same ordinance were held unlawful because they were not "compact."

Here we are concerned with a single rectangular body of land; enclosed on all four sides; bordering the present municipal boundary along the entirety of one of its lengthy sides. The charts, maps and testimony in the record afforded a sufficient description from which the trial court could have properly concluded that "the lines of the annexation are so drawn as to form a compact area abutting the municipality."

*Third.* The third issue argued by appellants is whether the admission into evidence of the following testimony was contrary to law:

"Question:    And in your opinion is it or is it not a part of the economic area of the City of Seymour?

"Mr. Pardieck:    Objection, your Honor. This calls for a statement by this witness on the ultimate fact which the Court is to determine in that regard. That invades the province of the Court in deciding the case.

"Mr. Lewis:    If the Court please. This is an opinion expressed for the Court—

"Judge Robertson:    I'm going to allow him to testify as to his opinion.

"Mr. Pardieck:    Before he does, I'd like to add additionally that we believe the law to be in Indiana that an expert witness can not give an opinion on an ultimate fact that is the issue for the Court to decide.
\* \* \* \* \*

"Judge Robertson:    O.K. Gentlemen, what I am going to do is this. I will allow it in conditionally. I will rule on the admissability [admissibility] of it in the morning. We can strike it or leave it in as the case may be."

Appellants contend that it was erroneous to admit as evidence the opinion of expert witnesses as to the exact point in issue. In support of this contention appellants cite several cases which were recently discussed by this court in *Azimow* v. *Azimow* (1970), 146 Ind. App. 341, 255 N. E. 2d 667, at 673, 20 Ind. Dec. 377 (transfer denied), wherein we stated:

"It is only where the details necessary for an intelligent opinion cannot be laid before the trier of the facts, that opinion evidence of the conclusion to be drawn from such details is admissible.

*"New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 216, 80 N. E. 420.

"The rule enunciated in *Tutt* has been applied to affirm the sustaining of objections to questions propounded in a trial to the court as well as to a jury.

*"McKee et al.* v. *Hasler et al.* (1951), 229 Ind. 437, 98 N. E. 2d 657; *State* v. *Reid* (1933), 204 Ind. 631, 185 N. E. 449, 86 A. L. R. 1442; *Southern Indiana Power Co.* v. *Miller* (1916), 185 Ind. 35, 111 N. E. 925; *Webb* v. *Volz* (1951), 122 Ind. App. 53, 102 N. E. 2d 517."

*Azimow* referred to opinion evidence of lay witnesses. Appellants here referred, in their brief and in oral argument, to the witnesses, whose testimony is in question, as "experts." We, therefore, deem that appellants considered these witnesses to be of sufficient competence to qualify them as "experts" in the areas to which they testified and therefor forego any arguments to the contrary.

In *Snow* v. *Cannelton Sewer Pipe Co. et al.* (1965), 138 Ind. App. 119, at 127, 210 N. E. 2d 118, at 123, this court stated:

> "Moreover, it is the rule in Indiana that there necessarily exists an element of judicial discretion in the trial judge in admitting expert testimony because the trial judge can best observe whether this type of testimony would serve any useful purpose. It must thus be shown that there has been an abuse of such discretion, resulting in harm to the complaining party. *Archer* v. *Ostemeier, supra,* [(1914), 56 Ind. App. 385, 105 N. E. 522], at p. 393 and cases cited therein."

See also:

*Lengyel* v. *Hecht* (1968), 143 Ind. App. 660, 667, 242 N. E. 2d 135, (transfer denied).

In the instant case there has been no showing of an abuse of discretion resulting in harm to the appellants. Even, however, were we to consider these "expert" opinions to be inadmissible, there has been no showing of reversible error. Had such opinions been stricken from the record there is ample evidence, as previously discussed, to support the findings of the trial court.

The judgment of the trial court is affirmed.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 547.