Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 282 N. E. 2d 871.

ROBERT G. RENNER ET AL. *v.* CITY OF COLUMBUS.

[No. 771A139. Filed June 1, 1972.]

*Maurice A. David, Sharpnack, Bigley & David,* of Columbus, *Charles R. Wells,* of Columbus, for appellants.

*James W. Long, Long and Long,* of Columbus, *William F. Marshall,* of Columbus, for appellee.

LYBROOK, J.—Remonstrators in annexation proceeding appeal from judgment of trial court ordering certain lands annexed to appellee city.

In general, the issues raised by appellants question the sufficiency of special findings of fact made by the court. Specifically, they contend that many of the findings are not supported by the evidence and do not satisfy the "primary determinants" required by the annexation statute.

The annexation ordinance was duly passed on October 6, 1969. The complaint was filed by remonstrators on November 14, 1969. Ind. Ann. Stat. § 48-702 (Burns 1963), although now repealed, was in effect at that time and provided in part as follows:

"The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such annexation according to the evidence which either party may introduce. Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

"(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

"(b) The area is urban in character, being an economic and social part of the annexing city.

"(c) The terms and conditions set forth in the ordinance are fair and just.

"(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

"(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

"(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality.

"If the judge of the court shall find that the primary determinants enumerated above apply to the annexation it shall take place notwithstanding the remonstrance and notwithstanding, further, the provisions of any other statute of this state. If, however, the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place."

After the passage of the annexation ordinance, a remonstrance signed by approximately 2400 persons was timely filed in the Bartholomew Circuit Court. Following a hearing, the trial judge held it was sufficient and after a lengthy trial on the merits, the court made 38 special findings of fact.

Declaring that the law was with the defendant City of Columbus, the court entered judgment ordering that the annexation should take place.

Appellants timely filed their Motion to Correct Errors which was overruled and this appeal followed.

On October 5, 1969, the City of Columbus had highly irregular boundaries due to prior "finger annexations" extending out from the city in several directions. The area sought to be annexed in this action lies generally east, north and west of the present city, encompassing the "fingers" mentioned above and "boxing in" the city with more or less straight lines on the above mentioned three sides. Before the annexation the total area of the city was approximately 8½ square miles.

The area sought to be annexed contains approximately 19 square miles and if granted, would triple the size of the city.

In determining whether the evidence and the special findings of fact are sufficient to establish the primary determinants,

it may be conceded, without citation of authority, that this court has no right to weigh evidence. If the evidence fails to support all of the determinants enumerated in the statute, then the annexation should fail. *Keene* v. *City of Michigan City* (1965), 137 Ind. App. 477, 210 N. E. 2d 52, and other authorities hereinafter cited.

The evidence in the record and the special findings of fact entered by the trial judge satisfy most of the requirements of the statute. We need not discuss all of the claimed insufficiencies in view of the result we have reached but will consider the evidence as it concerns two of the statutory determinants, which are:

"(b)    The area is urban in character, being an economic and social part of the annexing city.

"(f)    The lines of the annexation are so drawn as to form a compact area abutting the municipality."

In the special findings of fact the court found that there were residential developments scattered throughout the area and that the residents therein attended school, church, shopped, banked and engaged in other activities within the city limits of Columbus. While the accuracy of the above finding cannot be questioned, the same activities were enjoyed by many other persons, some of whom reside far away from the urban portion of Bartholomew County.

A fair appraisal of the evidence indicates that while part of the proposed area was urban in character, other parts were not. For example, one tract lying west of the city consisting of approximately eight square miles was classified as "flood plain". Unless and until future flood control measures are successful, residential building will be prohibited and the area will be used chiefly for agricultural purposes.

Undisputed evidence that this large area was flood plain fails to support the finding that the area was urban in nature.

Appellees rely upon *Abell* v. *City of Seymour* (1971), 150 Ind. App. 163, 275 N. E. 2d 547, which, in our opinion, is

distinguishable from the case at bar. In the *Abell* case the court was concerned with a single rectangular body of land bordering the municipal boundary "along the entirety of one of its lengthy sides." In the instant case the proposed annexation consists of six separate tracts lying around three sides of the city, some definitely urban in character and some definitely rural.

The real problem with this ambitious annexation is that the lines are not so drawn as to form a compact area abutting the municipality. The six separate areas sought to be included are contiguous with the city boundaries but not with each other and in our opinion do not form a compact area as required by statute.

It is true, as appellees contend, that the annexation tends to make the city limits more regular and compact, whereas before, the boundaries were highly irregular. However, in *Abell* v. *City of Seymour, supra,* the court made it clear that the word "compact" is intended to refer to the area to be annexed and not to the surrounding territory. We quote from this case on Page 552 of the Reporter as follows:

\* \* \*

"Appellants next argue that there was no evidence to support the determinant required by § 48-702 (f), *supra,* that 'the lines of the annexation are so drawn as to form a compact area abutting the municipality.' Whether the area sought to be annexed consists of 'a compact area abutting the municipality' necessarily depends upon the facts of each case. The term 'compact' is used solely in reference to the area to be annexed. It has no reference to the surrounding territory, only to the area itself. In *City of Indpls.* v. *Pollard* (1960), 241 Ind. 66, 169 N. E. 2d 405, and *Guthrie* v. *City of Bloomington* (1968), 143 Ind. App. 615, 242 N. E. 2d 37 (transfer denied), attempts to annex separate parcels of land by the same ordinance were held unlawful because they were not 'compact.' "

\* \* \*

In *Abell, supra,* the annexation was approved but as noted above, the area consisted of a single rectangular body of land.

Within the last decade three other leading Indiana cases have been handed down which point to the solution of the problem at hand.

In *City of Indianapolis* v. *Pollard* (1960), 241 Ind. 66, 169 N. E. 2d 405, the court held that separate non-contiguous parcels of land are not a compact area even though they abut the municipality, saying:

\* \* \*

"The trial court found that the territory sought to be annexed were three separate parcels not contiguous with each other, or in other words, not a 'compact area *abutting* the municipality.' (Our italics.) The appellees contend that 'taking into consideration the area already a part of the City of Indianapolis, the area annexed does constitute a compact adjoining area.' The statute however states it must be 'a compact *area abutting* the municipality,' (our italics) using the singular with reference to the area to be annexed. In our opinion, separate non-contiguous parcels are not a compact *area* even though they each may abut the municipality at some point. Such a condition is a 'primary determinant,' and the law states:

'If, . . . the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place.' Burns' § 48-702, 1960 Cum. Supp."

Then in *In Re Ordinance No. 464* v. *City of Jasper* (1961), 133 Ind. App. 1, 176 N. E. 2d 906, this court allowed annexation of two separate tracts of ground lying on the north side of the city of Jasper in one proceeding, although the tracts were not joined to each other. However, these parcels were in the same general region and were separated by an area jutting northward from the city known as "Calumet Lake" and which was within the city limits. Although the court held that this formed a compact area, there is no discussion in the opinion concerning this requirement.

The most recent case is *Guthrie* v. *City of Bloomington* (1968), 143 Ind. App. 615, 242 N. E. 2d 37, wherein this

court reversed the trial court which had entered an annexation order and quoted with approval from *City of Indianapolis* v. *Pollard, supra,* the grounds for reversal being that the area was not compact.

In conclusion, we are of the opinion that while parts of the area sought herein are urban in character, the evidence clearly shows that other parts, particularly the large flood plain, *are anything but urban.* If segregated into smaller parcels and brought in separate annexation proceedings, the rural and urban could readily be separated with the result that the urban would become part of the city and the rural would remain outside. Since this proceeding seeks to include many separate and non-contiguous parcels which cannot properly be included in one action, the authorities require us to hold that the primary determinant requiring a compact area has not been satisfied. Stated in statutory language it "cannot be demonstrated in the evidence."

The decision of the trial court is reversed, this cause is remanded and the trial court is directed to enter judgment for the plaintiffs-appellants.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 283 N. E. 2d 428.