

**FILED**
Jul 02 2015, 8:00 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Alex C. Intermill
Curtis T. Jones
Jonathan W. Hughes
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Stephen R. Buschmann
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Town of Fortville,

*Appellant-Respondent,*

v.

Certain Fortville Annexation
Territory Landowners,

*Appellee-Petitioner*

July 2, 2015

Court of Appeals Case No.
30A01-1410-MI-442

Appeal from the Hancock Circuit
Court.
The Honorable Richard D. Culver,
Judge.
Cause No. 30C01-1310-MI-1832

**Baker, Judge.**

[1] The Town of Fortville (Fortville) appeals the trial court's order denying annexation in favor of certain Fortville annexation territory landowners (the Remonstrators). Fortville argues that the trial court erred when it failed to apply substantial deference to Fortville's adoption of an annexation ordinance—a legislative function delegated to the Fortville Town Council by the Indiana General Assembly. Fortville also contends that the trial court erred when it found that Fortville had not presented evidence that the area to be annexed was needed and can be used for Fortville's development in the near future. Finding that the trial court erred by applying the wrong evidentiary standard when analyzing Fortville's need to annex the area and plans for the areas development, we reverse and remand for proceedings consistent with this opinion.

## Facts

[2] On March 28, 2013, Fortville adopted Resolution 2013-3A, which proposed to annex 5,944 acres of land adjacent to Fortville. On July 14, 2014, following notice and a public hearing on the matter, Fortville adopted Ordinance 2013-3A, which proposed to annex a reduced area of 644 acres of land (the Annexation). The Annexation was surrounded on three sides by Fortville's boundaries. In addition, Fortville adopted a fiscal plan and policy for the Annexation.

[3] On October 11, 2013, the Remonstrators—who consist of ninety-three percent of the owners of the parcels in the Annexation—filed their petition

remonstrating against the proposed annexation. On October 30, 2013, Fortville filed an answer and affirmative defenses to the petition remonstrating against the proposed annexation.

[4] On July 11, 2014—prior to trial—the parties filed their joint stipulations and entry. The parties stipulated as follows:

> 1. Fortville is not asserting that the annexation territory meets the requirements of Ind. Code § 36-4-3-13(b).
>
> 2. Fortville satisfied the requirements of Ind. Code § 36-4-3-13(c)(1). Specifically, the parties stipulate that the annexation territory is at least one-fourth (1/4) contiguous to Fortville. Fortville is therefore not required to establish the contiguity element at trial.
>
> 3. The parties disagree whether the annexation territory "is needed and can be used by the municipality for its development in the reasonably near future." See Ind. Code § 36-4-3-13(c)(2).
>
> 4. Fortville has satisfied the requirements of Ind. Code § 36-4-3-13(d). . . .
>
> 5. The Remonstrators are not claiming that Police Protection, Fire Protection, and Street and Road Maintenance are adequately furnished by a provider other than Fortville. See Ind. Code § 36-4-3-13(e)(2)(A)(i)-(ii). Moreover, the Remonstrators are not claiming that the annexation will have a significant financial impact on them. See Ind. Code § 26-4-3-13(e)(2)(B).

Appellant's App. p. 125-127. The above stipulations narrowed the issues at trial to a single determination: whether the Annexation is needed and can be used by Fortville for its development in the reasonably near future pursuant to Indiana Code § 36-4-3-13(c)(2).

[5] On July 21, 2014, the trial court conducted a bench trial. On September 24, 2014, it issued its findings of fact and conclusions of law. It determined that—

while there was a "long-term inevitability" that the Annexation would be annexed—Fortville had failed to demonstrate that the Annexation was needed and could be used by the municipality for its development in the reasonably near future. *Id.* at 12. Fortville now appeals.

# Discussion and Decision

# I. Annexation Procedure and Standard of Review

Fortville argues that the trial court erred when it failed to give substantial deference to Fortville's adoption of an annexation ordinance and found that Fortville had not presented evidence that the area to be annexed was needed and can be used for Fortville's development in the near future. Our Supreme Court, in *Rodgers v. Municipal City of Elkhart*, has laid out the framework of Indiana's annexation procedures as follows:

> The framework of Indiana's annexation laws has long featured three basic stages: (1) legislative adoption of an ordinance annexing certain territory and pledging to deliver certain services within a fixed period; (2) an opportunity for remonstrance by affected landowners, and (3) judicial review.
>
> Although the applicable statutes have undergone many changes over the years, certain general propositions of law have long applied. The statutes invest exclusive authority to annex territory in the governing body of a municipality. Annexation is a legislative function and becomes a question subject to judicial cognizance only upon review as provided by statute.
>
> * * *
>
> Because the city's authority to annex territory is defined by statute, the court's duty is to determine whether the city exceeded its authority and met the conditions imposed by the statute. Even though the burden of pleading is on the remonstrator, the burden of proof is on the

> municipality to demonstrate compliance with the statute. The court sits without a jury and enters judgment on the question of annexation after receiving evidence and hearing argument from both parties.
>
> Once the trial court has decided whether to approve an annexation ordinance, either the municipality or the remonstrators may appeal.

688 N.E.2d 1238, 1239-40 (Ind. 1997).

[7] When the trial court issues findings and conclusions as provided for in Indiana Trial Rule 52(A), we apply a two-tiered standard to review the trial court's entry. *Oil Supply Co. v. Hires Parts Serv., Inc.*, 726 N.E.2d 246, 248 (Ind. 2000). We determine whether the evidence supports the findings and the findings support the judgment. *Id.* In deference to the trial court's proximity to the issues, "we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment." *Oil Supply Co.*, 726 N.E.2d at 248. We do not reweigh the evidence, but only consider the evidence favorable to the trial court's judgment. *Id.* Thus, challengers labor under a heavy burden, but one that may be overcome by showing that the trial court's findings are clearly erroneous. *Id.*

## II. The Annexation

[8] As noted above, the only issue to be determined at trial and reviewed upon appeal, is whether—as required by Indiana Code § 36-4-3-13(c)(2)—Fortville had not shown that "the territory sought to be annexed is needed and can be used by the municipality for its development in the reasonably near future." Fortville argues that, if the trial court had applied the correct deferential

standard of review, it would have found that Fortville had met the requirements of Indiana Code § 36-4-3-13(c)(2).

[9]     Here, the trial court determined that the evidence did not establish that the Annexation was needed and could be used by Fortville for its development in the reasonably near future. In its conclusions of law, it cited *Abell v. City of Seymour*, 150 Ind. App. 163, 167, 275 N.E.2d 547, 550 (Ind. Ct. App. 1971), which held that "whether the city's need for the area [is] in the reasonably near future [is] for the trial court to determine." (internal quotations removed). In making this determination, the trial court enumerated the types of evidence that could be used to determine whether Fortville satisfied the elements of Indiana Code § 36-4-3-13(c)(2): 1) evidence indicating plans for constructing a new school in the area in three to five years; 2) plans for the opening and closing of streets in the area; 3) evidence showing that residential and business expansion from the city surrounds the area on three sides; and 4) evidence to the contrary indicating that while the area might be needed in the future, the need was not in the near future. Appellant's App. p. 14.

[10]    In applying these evidentiary considerations, the trial court appears to have been seeking evidence that Fortville had plans to implement brick and mortar development in the near future. This becomes even clearer when examining its further findings supporting its order. The trial court determined that Fortville: 1) had no plans for development in the Annexation area and had not identified any developers interested in developing the area; 2) introduced no evidence of any plan for any types of construction in the annexation area in the next three

to five years; and 3) introduced no plans to install infrastructure of any type in the annexation. *Id.* It is clear that the trial court was looking for evidence of physical construction in the area in the near future to fulfill Fortville's burden of showing that the Annexation was needed and could be used by Fortville for its development in the reasonably near future.

[11] In its conclusions of law, the trial court relied heavily on *Abell*, one of the few cases in which the "needed and can be used by the municipality for its development in the reasonably near future" requirement of Indiana Code section 36-4-3-13(c)(2) is analyzed. 275 N.E.2d at 547. In that case, a panel of this Court affirmed the trial court's determination that the City of Seymour had fulfilled this requirement by providing evidence that the City planned to build a school in the area within three to five years and to open and close streets. *Id.* at 551.

[12] However, nowhere in *Abell* did we give any indication that "development" was limited to building brick and mortar buildings and roads within the area to be annexed. *Id.* While there is little case law to guide us in determining what evidence is required to show that an annexation fulfills the requirements of Indiana Code section 36-4-3-13(c)(2), the case law that does exist suggests that the trial court applied the wrong evidentiary standard as a matter of law. In *Chidester v. City of Hobart*, 631 N.E.2d 908, 913 n.6 (Ind. 1994), our Supreme Court—in upholding the trial court's finding that the City of Hobart needed and could use the land to be annexed—noted that the trial court found that the City needed and could use the land for "transportation linkages with other

developing areas, to control adjacent development on its borders, and to prevent conflicting land uses." Therefore, it seems that a municipality need not demonstrate immediate plans to build on the annexed land in order to show that it needs and can use the land for its development in the reasonably near future.

[13] Here, Fortville provided the following evidence to support its assertion that it needed and could use the Annexation for its development in the reasonable near future:

1. The Annexation currently partakes of Fortville's water and emergency services. Fortville wishes to annex the territory to square its borders and adequately distribute the cost of city services.

2. Fortville intends to expand and continue to develop the municipal services, such as water and emergency services, provided to the Annexation.

3. Fortville aspires to protect the future health of the town's sewer and utility services.

4. The areas to the north and west of the Annexation are quickly developing. Fortville wishes to annex the land to prepare for and manage urban growth.

Appellant's Br. p. 24-27.

[14] In its findings, the trial court acknowledged much of this evidence. It found that "the proposed annexed territory is surrounded by the existing Fortville Town boundaries on three sides. . . ." and that the "[t]erritory just north and west of the Annexation Territory has seen growth and development." Appellant's App. p. 9. In addition, it found that "Fortville's anticipation that

residential growth will occur in Fortville based on the growth in Fishers and McCordsville is reasonable." *Id.* at 12. The trial court also acknowledged that currently—although the Annexation receives town services and has invested significant amounts of money in utilities over the past several years—Fortville cannot control how the land in the Annexation is used or developed. *Id.* at 9. However, despite this evidence, the trial court determined that "[a]lthough the evidence suggest a long-term inevitability to annexation, the evidence does not support a conclusion for the need for annexation in the near future." *Id*. at 12.

[15] To allow the trial court's order to stand would be to hold that a city—if it does not have impending plans to build on land that it seeks to annex—must sit and watch the land be used and developed in ways that might harm or impede its future plans for urban management of the land, until the "long-term inevitability" of annexation takes place. This result would be bad policy and likely harm both the area to be annexed and the municipality that seeks to annex it. Thus, we determine that the trial court should not have limited its analysis to evidence of physical construction or development in determining whether Fortville fulfilled the requirements of Indiana Code section 36-4-3-13(c)(2).

[16] Therefore, we hold that the trial court applied the wrong evidentiary standard as a matter of law and find that, in determining whether a municipality fulfills the requirements of Indiana Code section 36-4-3-13(c)(2), a trial court may, and should, consider non-physical brick and mortar development uses, such as those—using annexed territory for "transportation linkages with other

developing areas, to control adjacent development on its borders, and to prevent conflicting land uses"—noted by our Supreme court in *Hobart*. 631 N.E.2d at 913 n. 6. We reverse and remand with instructions that the trial court apply the correct standard and reconsider its judgment.

[17] The judgment of the trial court is reversed and we remand for proceedings consistent with this opinion.

May, J., and Mathias, J., concur.